### Schermerhorn, Mason and Bishop v. Gideon Tripp, Junior.

ERROR from the common pleas in *Rensselaer* county. The suit below was *trespass de bonis asportatis* against a justice of the peace, a constable, and a plaintiff, in a suit before the justice under the 10*l.* act, for taking the goods of the defendant, in an execution on a judgment rendered by the justice. The defendants all joined in a plea of not guilty.— The evidence adduced was, that the justice lived in a tavern where he officiated as the tavernkeeper, made out the bills, and received payment for them, but that the justice did his business in a small out-

Aug. Term,
1804. room, and the licence for the house was taken out in
the name of the justice's son.   This, however, it ap-
peared from the justice's own declarations, was done
* 1 Rev.
Laws, 502. to avoid the operation of the 20th section of the act.*
—On this, the defendant below demurred to the evi-
dence.   The court having given judgment for the
plaintiffs, the cause now came up on a writ of error,
in which the general errors were assigned.

*Foote*, for the plaintiffs in error, submitted the case
on the facts presented by the record.

*Woodworth*, contra, relied on the words of the
act, and the testimony being such as to bring the
justice clearly within them.   If so, as they all joined
in the same plea, they are all equally responsible.
For where, in trespass against several, all unite in a
plea of not guilty, the separate justification which
one might have pleaded, is gone.   2 *Wils*. 384. 2
*Str*. 993.

SPENCER, J.   The same point has been decided
in this court in the case of *Percival* v. *Jones*, which
† Under the
3d sec. 1 Rev.
Laws, 492. was an action brought by a resident freeholder,†
against a justice for apprehending him on a war-
rant.

*Woodworth* was stopped by the court.

*Per Curiam.*   From the evidence below, it was
conclusively shown, that the justice *( Schermerhorn )*
was in fact, a keeper of a tavern, or lived in one.   If
‡ Sec. 20.
1 Rev. Laws,
502. so, he had no jurisdiction to try the cause,‡ and as
the constable *( Mason )* joined with him and the plain-

tiff, in pleading the general issue, they are all equal-
ly trespassers.   Had the constable pleaded separately,
he would probably have been excused ; but he has
now involved himself with the others, and we cannot
separate their fates.