T. DEMICK *against* D. CHAPMAN.

In *trespass*, if the defendant has any matter of *justification*, or excuse, he must plead it, and cannot give it in evidence under the general issue, without a special notice in writing. In *trespass de bonis asportatis*, on a plea of not guilty, the defendant offered to prove, that the goods, &c were the property of R. C. who had fraudulently conveyed them to the plaintiff, with intent to defeat and defraud the defendant, his creditor; and that the property had been taken by virtue of an attachment issued against the property of R. C. in favour of the defendant. This evidence was held to be inadmissible under the general issue.

IN ERROR from the court of common pleas of *Otsego* county. *Chapman* brought an action of trespass *de bonis asportatis*, against *Demick*, in the court below, who pleaded not guilty. At the trial of the cause, the defendant, *Demick*, offered to prove that the property for which the action was brought belonged to one *Ralph Chapman*, who had fraudulently conveyed it to the plaintiff, for the purpose of defrauding and defeating the defendant, a creditor of *Ralph Chapman*, and that the property had been taken by virtue of an attachment issued against the goods, &c. of *Ralph Chapman*, in favour of the defendant. The counsel for the plaintiff below objected to this evidence, on the ground that it was not admissible under the general issue; that if the defendant intended to rely on such evidence, he ought to have pleaded it specially, or given *notice* of it, in writing. The court below rejected the evidence, on that ground, and the jury found a verdict for the plaintiff. A bill of exceptions was tendered by the defendant's counsel to the opinion of the court.

The cause, on the bill of exceptions, was submitted to the court without argument.

*Per Curiam.* The possession of the property by the plaintiff below was, *prima facie*, evidence of right; and a mere stranger could not lawfully deprive him of that possession. The offer, therefore, to prove that the property belonged to *Ralph Chapman*, could not excuse the taking by the defendant, without showing some authority or right derived from *Ralph Chapman*, amounting to a justification, and this was not admissible under the general issue. The taking was, *prima facie*, a trespass; and the excuse, that it was done by virtue of an attachment issued by a justice of the peace, ought to have been pleaded, specially. Lord *Coke* lays it down (*Co. Litt.* 282.    2 *Esp. N. P.* 558.) as an established rule of the common law, that if a defendant hath cause of justification or excuse, he must plead it, and cannot give it in evidence under the general issue. This is a rule well settled in actions for false imprisonment, and assault and bat-

tery; (3 *Wils.* 370.) and the reason for the rule applies in this case, it being necessary to prevent surprise, and to enable the parties to go to trial on equal terms, with respect to evidence, and proof of facts.

The transfer of the property, although with a design to defraud creditors, was valid as between the parties. And the defence, founded on the right of a creditor to defeat it, by attachment, or by a judgment and execution, is very special, and ought to be disclosed by pleading. The defendant in the court below did not come in aid of the officer, or act under his command, so as to bring himself within the statute authorizing the special matter to be given in evidence under the general issue. The testimony was, therefore, properly overruled, and the judgment below must be affirmed.

Judgment affirmed.(a)

(a) See 1 *Chit. Pl.* 491—493. 497.