### MERRILL *vs.* NEAR and FORBES.

A *constable*, who *joins* with a party in pleading the *general issue*, waives his right to *justify*, and forfeits his claim to *double costs*, if such party, as well as the constable, cannot make out a justification.

A party, who turns out property and directs it to be taken by a constable, cannot, in an action against him and the constable for taking the property, set up the defence that he acted *in aid or assistance or by command of the constable*; to entitle a party to such defence, there should either be a request from the officer, or it should appear that aid or assistance was necessary, from which a request might be implied.

ERROR from the Madison common pleas. Merrill sued Near and Forbes in a justice's court, and declared in these words : " The plaintiff declares against the defendants for

two chains, one yoke of oxen, one yoke of stags, one yoke of steers and one ox yoke, bows and irons, to his damage $50." The defendants pleaded *not guilty.* The justice gave judgment for the plaintiff, and the defendants appealed to the Madison common pleas; where the cause was again tried on the above pleadings, and a verdict found for the defendants. A suggestion appears on the record that the suit was for acts done by *Near* as a *constable,* and by *Forbes* in aid and assistance and by command of *Near;* wherefore the common pleas awarded *double costs* to the defendants. On the trial, it was proved that Near was a *constable,* and took a yoke of oxen and a pair of chains belonging to the plaintiff and carried them away, and that Forbes turned out the property to Near and directed him to take it, and that the taking was in consequence of such 'direction. The defendants proved a judgment against one Boyer, and the issuing of an execution thereon to Near, by virtue of which the property in question was taken. This evidence was offered, as stated in the bill of exceptions, *as a justification,* and to prove that Near acted as constable, and to entitle him to *double costs.* It was objected to by the plaintiff, on the ground that Forbes was not entitled to prove a justification, nor to recover double costs under the general issue; and that Near having pleaded the general issue only, and that jointly with Forbes, he had lost his privilege as an officer. The objection was overruled, and the evidence received. The plaintiff excepted, and the jury found for the defendants.

*P. Gridley,* for plaintiff in error.

*J. A. Spencer,* for defendants in error.

*By the Court,* SUTHERLAND, J. We are of opinion that the action was *trespass,* and that the plea was *joint,* because, although those facts do not conclusively appear upon the face of the pleadings, yet fairly, and we think necessarily, they are to be inferred from the whole record.

*Forbes* did not act *in aid or assistance or by commandment* of the constable, within the meaning of the act for more easy pleading in certain cases. He was not called upon by

UTICA,
July, 1830.

Merrill
v.
Near.

the constable to assist him. His interference was voluntary. He accompanied the constable and pointed out the property in question, and directed him to take it. It was decided in *Herrick* v. *Manley*, 1 *Caines*, 252, that a plaintiff who delivered to a constable a writ in his own suit, and directed him to take and imprison the defendant upon it, could not, in an action against him by the defendant for false imprisonment, give the matter in evidence in justification under the statute. His participation in the *arrest* was held not to be in *aid* or *assistance* of the officer. There should either be a request from the officer, or it should appear that aid or assistance was necessary, from which a request may be implied. Nothing of that kind appears in this case, and *Forbes* must be considered as having officiously and voluntarily intermeddled with the execution of this process, and cannot justify or protect himself under the statute; and *Near*, the constable, having united with him in his plea, cannot set up a separate justification; for nothing is better settled than that on a *joint* plea in trespass no separate justification can be set up. 2 *Wils*, 384. 2 *Strange*, 993. 1 *Saund*. 28, n. 2. *Schermerhorn* v. *Tripp*, 2 *Caines*, 108. This rule is not confined to a technical plea of justification, but extends to the plea of not guilty, which, under the provisions of our statute, is equivalent to a plea of justification. This was expressly decided in *Schermerhorn* v. *Tripp*, 2 *Caines*, 108, in *Bradley* v. *Hunt*, 7 *Cowen*, 330, and in *Wales* v. *Hart*, 2 *Cowen*, 426. Upon a joint plea in such case, each defendant waives any privilege or defence peculiar to himself, and must share the fate of his associate as to any matter of justification. A constable even forfeits his right to *double costs*, under the statute, by uniting in a plea with a defendant who has not the same right. *Wales* v. *Hart*, & *Dodd*, 2 *Cowen*, 426.

The evidence objected to was therefore inadmissible for the purpose for which it was offered. It might perhaps have been proper, within the case of *Herrick* v. *Manley*, 1 *Caines*, 252, for the purpose of showing that the property was not taken in consequence of the instructions of *Forbes*, but by

UTICA,
July, 1830.

virtue of legal process; but it was not offered for that purpose.

Judgment reversed as to double costs, and court below ordered to award single costs to defendants.