## ANTHONY *v.* GILBERT.

In trespass for taking away a yoke of oxen, the jury, in estimating the da-· mages actually sustained by the plaintiff, ought not to add to the value of the oxen any amount for their services.

If the trespass have been committed with malice, insult, or deliberate oppres-sion, the jury may join exemplary damages to the pecuniary loss.

Under a plea, in such suit, of property in a third person, evidence of such own-ership at the time of the taking is admissible.

The defendant may show in mitigation of damages, under the general issue in this suit, that the goods, at the time of the taking, belonged to a third person, and that the plaintiff was not liable for them to the owner.

And *semble*, that, under such issue, evidence in bar of the suit may be adduced, showing that a third person owned the property, and that the defendant acted under his authority.

*Tuesday,
November 28.*

APPEAL from the *Delaware* Circuit Court.

DEWEY, J.—Trespass for taking and carrying away a yoke of draught-oxen. There is also a count of *quare clausum fregit*, from which no point arises. Pleas, general issue; property of the oxen in one *Probus;* property in one *Green.* Verdict and judgment for the plaintiff.

On the trial, after proving the trespass by taking and carrying away the oxen, and establishing their value, the plaintiff was permitted, against the objection of the defendant, to prove the value of the services of the cattle from the time of the taking to the institution of the suit. The Court instructed the jury, that the value of the oxen, and the value of their services from the time of committing the trespass to the commence-ment of the action, should be the measure of damages. The defendant excepted to the admission of the testimony, and to the giving of the instruction.

But one question arises from these two decisions of the Court. Was the plaintiff, in addition to the value of the oxen, entitled to the value of their services from the time of taking up to the commencement of the suit?

We know of no standard, by which damages in actions of trespass can at all times be measured. The nature of the injury complained of renders it impracticable to establish such a rule. The first inquiry should be,—the amount of injury actually sustained; which, together with interest, is a good general measure of damages, in the absence of circumstances of aggravation. But to limit the investigation to the pecuniary loss of a plaintiff would frequently do him injustice, and always to extend it beyond such loss would, as often, be unjust to the defendant.

The assessment of damages is a matter which must be, unavoidably, in a great measure left to the discretion of the jury. It is proper for them to take into consideration all the circumstances under which a trespass may have been committed; and wherever malice, insult, or deliberate oppression, has been an ingredient in the wrongful act, to award, in addition to the actual loss sustained, such exemplary damages as shall tend to prevent a repetition of the injury. *Bracegirdle* v. *Orford*, 2 M. & S. 77.—*Merest* v. *Harvey*, 5 Taunt. 442.—*Sears* v. *Lyons*, 2 Stark. 317.—*Woert* v. *Jenkins*, 14 Johns. 352.—*Churchill* v. *Watson*, 5 Day's Rep. 140. This species of damages, which is sometimes called "smart money," is distinct from special or consequential damages. And neither of them was contemplated by the evidence, or the instruction to the jury, in this case; the design of which was to ascertain the amount of actual injury sustained by the plaintiff. We think a wrong rule of admeasurement was applied for the accomplishment of that object. The value of working oxen consists, in part, of the value of the services which they are capable of performing. Therefore, the charge to the jury,—that to the price or worth of the cattle, they should add the value of their subsequent services, was directing them to make, in some degree, a double assessment of damages against the defendant, for the pecuniary loss of the plaintiff. The jury might, with propriety, have been instructed, that if, in their opinion, the trespass was marked with any of the features of aggravation above stated, they were at liberty to join exemplary damages to the pecuniary loss.

The Court erred in admitting evidence of the value of the services of the cattle, as a distinct matter from the value of

Nov. Term, the oxen themselves; and in instructing the jury to assess
1837.          damages accordingly.

ANTHONY          An attempt has been made to present another point in this
v.          case. We are informed by the bill of exceptions, that the de-
GILBERT.    fendant offered to prove the rendition of a judgment in favour
of the plaintiff against one *Probus*, the issuing an execution
upon it, and a sale of the oxen in dispute, under the execution,
to some person other than the plaintiff, and that the Court
rejected the testimony. But we do not learn whether the de-
fendant offered to make his proof by parol evidence, or by the
production of the papers. If the former was attempted, the
testimony was correctly rejected; if the latter, we have no
means of judging of the correctness of the decision, because
the documents are not spread upon the record.

As, however, the legality of the same testimony may again
be a question in the future progress of the cause, it may be de-
sirable to settle the matter now. Under the special pleas, it is
competent for the defendant to prove that the oxen belonged,
at the time of taking, to either of the persons named in the
pleas. Under the general issue, it is his right to show to the
jury, in mitigation of damages, that the property in the oxen,
at the time of the taking, was in a third person, and that the
taking was under such circumstances as not to render the
plaintiff liable to such third person for the value of the cattle.
9 Pick. Rep. 551. And it may be added that, probably, under
that issue, evidence in defence or bar of the action may be
adduced, that the property taken belonged to a third person,
and that the defendant acted under authority derived from
him (1).

*Per Curiam.*—The judgment is reversed, and the verdict
set aside, with costs. Cause remanded, &c.

*J. Rariden* and *J. S. Newman*, for the appellant.

*D. Kilgore* and *M. M. Ray*, for the appellee.

(1) In trespass for seizing goods in the possession and apparent ownership of
the plaintiff, the defendant cannot set up the title of a *third person* to defeat the
action. *Nelson* v. *Cherrill*, 1 M. & Scott, 452; 7 Bingh. 663.—*Demick* v. *Chap-*
*man*, 11 Johns. 132.—*Cook* v. *Howard*, 13 id. 276.—*Hanmer* v. *Wilsey*, 17 Wend.
91.—*Squire* v. *Hollenbeck*, 9 Pick. 551.—*Walpole* v. *Smith*, *ante*, 304.