# ROCKINGHAM,

## JULY TERM, A. D. 1845.

---

### WHIDDEN *v.* PROCTOR.

The principle that a party in possession, as tenant at will or for a term of years only, may, to a writ of entry, plead *special non-tenure*, considered.

If, to a writ of entry, the defendant plead *special non-tenure*, and the plaintiff reply that the defendant is tenant of the freehold, on which issue is joined, the plaintiff, upon the trial, may be obliged to prove his own title, if the evidence in defence shows that the defendant is in fact tenant for years, or at the will of a third person, and it appear that he can be held to be tenant of the freehold only because he has done a wrong to the plaintiff, which he cannot qualify by showing that he is tenant for years or at will.

WRIT OF ENTRY, wherein the plaintiffs, John P. Whidden, and Rebecca, his wife, demand possession of a certain tract of land in Chester, alleging that they were seized thereof in their demesne as of freehold, within twenty years last past, and that the defendant has unjustly entered upon the premises and disseized the plaintiffs.

The defendant pleaded in abatement of the writ, because, he said, " that long before and on the day of the purchase of said writ, William S. Anderson, George Porter, George H. Pinkerton and David Kimball, were seized of the demanded premises in their demesne as of freehold, and being so seized thereof before the day of the purchase of the writ, to wit, on the 11th day of December, 1843, at Chester aforesaid, demised the same premises to the defendant, to be by him held and occupied at the will of

them, the said Anderson, Porter, Pinkerton and Kimball, by virtue of which the defendant, from the time of the demise to the day of the purchase of the writ, on that day and ever afterwards, and still is, possessed thereof, and so the defendant said that he had nothing, nor on the day of the purchase of the writ, nor at any time afterwards, had any thing in the demanded premises, but at the will of the said Anderson, Porter, Pinkerton and Kimball, the freehold being on that day and still in them."

The plaintiffs replied that the defendant, on the day of the purchase of the writ, was tenant of the freehold, on which issue was joined. The parties agreed, for the purposes of the trial, to a statement of facts.

Rebecca Whidden, at the time of her intermarriage with said John, was the widow of Stephen H. Reed. Subsequent to the intermarriage, namely, on the 16th day of March, 1836, the land in dispute was duly assigned to Rebecca, as and for her dower in the real estate of said Stephen. Said John was, on his own petition, June 22, 1842, duly declared a bankrupt, under the act of Congress passed August 19, 1841. Samuel Marshall was duly appointed his assignee. In the schedule of his property in bankruptcy said John included, with other property, his right and interest in the land in dispute.

The assignee, May 22, 1843, under a decree of the district court, sold at public auction all the right, title, interest and estate which said John had, at the time he was declared a bankrupt, in and to the land in dispute, to William S. Anderson; and on the 24th day of the same May, by deed in proper form, conveyed the same to said Anderson.

July 3, 1843, said Anderson instituted process against said John, to recover possession of the land in dispute, before a justice of the peace, pursuant to the provisions of chapter 209 of the Revised Statutes; and July 27, 1843, recovered judgment on default, on which judgment an *alias*

execution was issued, November 4, 1843, by virtue of which said John was, December 11, 1843, amoved from the land in dispute, and said Anderson put in possession thereof.

At the time of the service of the execution, the defendant in this suit was in the occupation of one room in the dwelling-house on the land, as the tenant of said John, paying him rent therefor; at which time it was agreed between Anderson and the defendant that the defendant should have possession of the land in dispute, including said room, and hold the same as tenant at will of Anderson. The defendant did so hold the same until December 26, 1843, when Anderson, by separate deeds of undivided shares, conveyed four fifths of the premises to Kimball, Pinkerton and Porter, the persons alleged in the defendant's plea to be tenants of the freehold. Ever since the conveyances last aforesaid the defendant has been in possession, claiming to hold as their tenant at will, paying them rent.

Prior to the commencement of this suit, to wit, January 10, 1844, said John went upon the land in dispute, and demanded possession thereof in right of his wife. The defendant denied the right of said John to have possession, and asserted his right to be in possession under said Anderson, Kimball, Pinkerton and Porter, as set forth in his plea.

*H. F. French*, for the plaintiff. The issue is, whether the defendant is tenant of the freehold. It is not whether Anderson is tenant. That is not traversable. *Wilson* v. *Webster*, 6 N. H. Rep. 419.

The defendant has disseized the demandant, by neglecting to quit the premises when requested. *Towle* v. *Ayer*, 8 N. H. Rep. 62; *Walker* v. *Wilson*, 4 N. H. Rep. 217; *Doe* v. *Stradling*, 2 Stark. N. P. C. 187; *Bingham* v. *Welch*, 6 Green. 376.

Whidden *v.* Proctor.

The defendant cannot qualify an unlawful entry, by saying that he claims only a particular estate from one who has nothing. *Wilson* v. *Webster, supra.*

The tenant became a disseizor by taking a lease from another while holding under the plaintiff. *Same case,* and *Towle* v. *Ayer, supra.*

*Porter,* for the defendant. The doctrine that the demandant may elect to consider the defendant a disseizor, or not, has limitations. *Towle* v. *Ayer,* 8 N. H. Rep. 57. The taking of a lease from a stranger did not in this case constitute a disseizin. A tenant may in some cases dispute his landlord's title. *Binney* v. *Chapman,* 5 Pick. 124; *Keay* v. *Goodwin,* 16 Mass. 1; *Ellis* v. *Page,* 1 Pick. 43. This presents the single issue, is the defendant tenant of the freehold? The plea of special *non tenure* is the only proper plea in this case. *Sperry* v. *Sperry,* 8 N. H. Rep. 477; *Gibson* v. *Bailey,* 9 N. H. Rep. 174. The tenant could not have pleaded the general issue, and preserved good faith with his landlord.

*French,* in reply. The action was intended to raise the question whether the right of Whidden's wife could be taken and sold under the bankruptcy. The tenant's plea prevents the consideration of that.

The demandant's title is admitted by the nature of the plea.

PARKER, C. J. Upon considering the character of a plea of *nul disseizin* in a writ of entry, and its effect as an admission that the defendant claimed a freehold estate in the premises demanded, we have several times had occasion to advert incidentally to the principle that a party in possession, as tenant at will, or for a term of years only, might, in an action of that description, plead special *non tenure,* and defeat the writ. 2 N. H. Rep. 10, *Mills*

v. *Pierce;* 8 N. H. Rep. 480, *Sperry* v. *Sperry;* 9 N. H. Rep. 174, *Gibson* v. *Bailey.* This principle is very distinctly stated in the elementary works upon Real Actions, and is recognized as a sound principle of law in several of the adjudged cases elsewhere. Booth on Real Actions 28; Stearns on Real Actions 202, 207; Jackson on Real Actions 91; 5 Mass. 352, *Higbee* v. *Rice;* 8 Cranch R. 243, *Green* v. *Liter.* But a critical examination may serve to show that notwithstanding the distinctness with which the general principle is asserted, the precise limits of its application are involved in some obscurity; more than could well have occurred had not the writ of entry been practically superseded in a great measure in England and most of the United States by the action of ejectment. Very few decisions are to be found in the books which have arisen directly upon a plea of that description. Our own Reports furnish us no case of that character, and we must resort therefore to the general principles governing this particular class of actions, in order to determine the questions arising upon the case now before us.

It seems to have been held from the earliest times that a writ of entry must be brought against the tenant of the freehold. The plaintiff in such an action cannot count upon a less estate than one of freehold; and in order to support his action, where the title is drawn in question upon the trial, he must show a title to such an estate as he alleges in his writ. As the plaintiff in order to succeed must have an estate of freehold at least, and as the title to the freehold may be brought in controversy, and determined upon the trial, the principle appears to have been adopted that the plaintiff should demand the freehold of one who could render it to him, that is, of him who claimed to hold a freehold estate adverse to the claim set up in the writ. This rule doubtless had its origin in the feudal tenures; but is not important to the settlement of the present case to enter into an investigation of the reasons.

As a correlative of the principle that the action must be brought against the tenant of the freehold, it follows that if it was instituted against one who did not stand in that character, but claimed only as tenant at will or for years, he might in some way raise the objection, and defeat the suit, as having been improperly instituted against him, and thus put the plaintiff to his action against the party who claimed adversely to him, and might therefore best contest the question of right. The action was thus barred notwithstanding the defendant was in actual possession of the land. See Stearns on Real Actions 207, 209, 460.

The mode in which the exception was required to be taken, was by a special plea of *non tenure*, the form of which is fully set forth in the books. Stearns Real Actions 460; Jackson Real Actions 95. It states that a third person was seized of the premises, in fee or freehold, as the case might be; that he demised to the defendant, to hold for years or at will, whichever might be the nature of the tenancy by virtue of which he entered and was possessed, and so he had and has nothing in the premises except as tenant, &c., the freehold being in the lessor. The plea in this case follows the ordinary form.

To this plea the plaintiff, in order to maintain his writ, was obliged to reply that the defendant was tenant of the freehold. He could not traverse the estate set up in the third person under whom the defendant claimed a tenancy at will, or for years, and put the defendant to the trial of the title. Jackson on Real Actions 95, 97; 6 N. H. Rep. 420, *Wilson* v. *Webster ;* 12 Mass. R. 325, *Proprs of No.* 6 v. *McFarland.* But his action was defeated if he could not in some way show that the defendant was to be regarded as in possession of a freehold estate.

That this was so is especially evident from 1 Richard II., stat. 2, ch. 9. "In the reign of Edward III. and afterwards, it was a common artifice for disseizors to attempt to defeat the action of the disseizee by making a fraudu-

lent feoffment, in order that they might plead *non tenure*, though they still continued to take the profits of the estate." This gave rise to the statute which provided that the disseizee should have his remedy, and recover the lands against the disseizor, who continued to take the profits, notwithstanding such secret feoffment. Stearns R. A. 209. The statute took away the defence of special *non tenure* in such cases, and compelled the party to try the title because he was in truth tenant of the freehold.

There is another class of cases in which the defendant cannot avail himself of that plea, notwithstanding he sets up a claim only to an estate at will or for years, asserting the title of a third person, and this is where he has entered wrongfully into the estate.

In order the better to understand this matter, we have only to advert for a moment to some of the well known principles relating to the title of real property. Among the various evidences by which title to land may be asserted and sustained, that of possession alone, claiming title, is sufficient against any one who cannot show a better right.

Prior possession under a claim of right is good evidence of title to maintain an action against one who, without right, has entered and turned the party in possession out of his freehold; and as this is a wrong done to him who was in possession claiming a right of freehold, it of course cannot be regarded as a sufficient answer by the party who has actually entered and terminated the possession of the former occupant, to say that when he entered he made no claim to what he turned the possessor out of; that is, to the freehold estate; but that he came in only as tenant at will or for years to a third person. To permit him to do so would be to permit him to limit or qualify the wrong he had done, and avoid an action for the disseizin which he had committed.

So in cases where a party has a seizin in law, but was

not in the actual possession, and another disseizes him. The law will not permit him to allege that he claims only a lesser estate, and that another under whom he entered had a title. It requires him to answer for his own unlawful act in ousting him who had seizin, by requiring him to answer for the freehold into which he had entered. The party ousted may bring his action against him, treating him as the disseizor, he being so in fact; and if he attempts to avoid the action by alleging that he did not claim the freehold, and is not tenant of it, the plaintiff may reply that he is tenant of the freehold, and hold him as such.

Mr. Justice *Jackson* says, "It may often happen that the demandant will prevail on the trial of this issue, although the tenant never claimed a freehold in the premises. As if the tenant takes a lease from one who has no estate in the land, and enters on the right owner, claiming only an estate for years, yet the right owner may consider him as tenant of the freehold." Jackson R. A. 97. The case thus stated is one where the lessor has no estate, and the entry is made by the lessee on the right owner. But the same rule may apply, (at least in any government where a party cannot convey during the continuance of the disseizin), even if the lessor has a better title than that of the party in possession; for unless the lease of an owner who is disseized may convey a right of entry against the party in possession, the entry of the lessee could not be justified, and he could not limit and qualify the wrong by alleging that he entered claiming a less estate than a freehold. Title in a third person furnishes no defence for actual disseizin (3 N. H. Rep. 275, *Bailey* v. *March*), and the lessee could defend or excuse his entry only by showing what would justify an ouster of the party.

The cases we have thus far considered are those where the defendant has entered upon the plaintiff, having had no previous possession.

There is another class of cases where one having law-

fully come into possession as a tenant at will, or for years, of another, and an adverse claimant of the freehold enters upon him, demands the possession, requires him to depart, and upon his refusal, under a claim of tenancy, seeks a remedy against him by a writ of entry. In this class the possession of the tenant is originally lawful, and he makes no actual entry upon the claimant. Can the tenant in possession in such case be treated as a disseizor, and deprived of the benefit of the plea of special *non tenure*, upon the ground that by remaining in possession he does a wrong to the party who enters, supposing him to have title, and that he cannot qualify that wrong? That is this case. It appears that the defendant has never claimed any estate of freehold in the premises. He entered originally as a tenant of John P. Whidden, one of the plaintiffs, and remained as his tenant, paying him rent until William S. Anderson made an entry upon him under process of law against John P. Whidden, whereupon he made an agreement with Anderson by which he became his tenant at will, and has since remained and paid rent to him and his grantees. The defendant therefore has never had any color of title to the freehold, or made any claim to any estate of that description, or entered upon any actual possession of the plaintiff, or of John P. Whidden, except originally by his consent. It is very clear from the principles first stated that without an entry by the plaintiff upon the land, after the defendant's possession commenced, the latter would be entitled to plead special *non tenure*.

But it appears further from the case that after Anderson had obtained his judgment for possession against John P. Whidden, and had entered in pursuance of it, and after the tenant had attorned to him, John P. Whidden went upon the land, the defendant being in possession as tenant of Anderson, and demanded the possession of the defendant in right of his wife, and the defendant denied

his right to have possession, and asserted his right to be in possession under Anderson and his grantees. It is upon this state of facts that the plaintiff contends that the neglect of the defendant to quit the premises, upon this demand, operated as a disseizin of the plaintiffs, constituting the defendant tenant of the freehold as to them; that he cannot be permitted to qualify his act by saying that he claimed only as tenant at will of Anderson and those who succeeded to his title, and that the issue is maintained for them on this evidence, without further inquiry.

If one remains in possession of land, claiming it after an entry by the owner, he may be treated as a disseizor. Stearns R. A. 75. And it is settled here that if the owner of land enter upon one in possession who has no right and makes no claim, demanding the possession, if the party does not quit the premises the owner may treat him as a disseizor at his election, although the party thus found upon the land replies that he has no possession to give up. 4 N. H. Rep. 217, *Walker* v. *Wilson;* 8 N. H. Rep. 62, *Towle* v. *Ayer.* Having no right, he has no just reason for remaining, against the will of the owner, and qualifying the wrong of remaining by alleging that he claimed nothing. He cannot allege that the action should be brought against some third person who may make a claim adverse to the party entering, where it does not appear that any person makes such a claim, or if any one does, the party in possession claims nothing under him.

Mr. Justice *Jackson*, in his treatise on real actions, before cited, puts, as a further case, "If my disseizor leases to A, and I enter upon him, and A reënters, claiming his estate for years, A is a disseizor to me." Jackson R. A. 97, citing 1 Dyer 134, b, *Kirton* v. *Birling;* and Viner's Abr., Disseizin, I. In the latter book the case is put as an illustration of the principle that "A man cannot qualify

his own wrong;" and all the books cited state it as a case of reëntry by the lessee. If the principle is applicable to a case where the lessee merely remains in possession without any actual ouster by the disseizee and reëntry by the lessee, the operation of it must be to compel the tenant in possession under a lease from another, to quit, in all cases where an entry is thus made upon the premises, or to remain at the peril of being able to show that the party entering had no title, or has not been disseized by his lessor. If he remain, and, to a writ of entry against him, plead *nul disseizin*, he may, under that, contest the plaintiff's title. But he, by that plea, admits himself to be tenant of the freehold, which in fact he never was, except by remaining after the entry. Under the plea of *non tenure* special, although he would allege a title in a third person under whom he entered, he could not, as we have seen, try that title. He would have no defence therefore under any plea except a denial of the plaintiff's title, respecting which he may have no sufficient knowledge, unless he can, in some way, notwithstanding he remained after the plaintiff's entry, show the truth of the fact that he was not tenant of the freehold, because he entered and claimed to remain only as tenant of another. It may be said that he may avoid the dilemma by surrendering the possession. But suppose the party entering upon him has in fact no right. Suppose, farther, that the tenant in possession holds as lessee for years under a covenant to pay rent. The principle which would govern the case must be the same as if he were, and claimed to be, a mere tenant at will. But if he should surrender the possession to one who had no title, he could not be discharged from his covenant to pay the rent; and the question might arise whether he could avoid the payment, even if he should surrender to the owner without a judgment. The general doctrine is that the tenant may not deny the title of his landlord.

Whidden v. Proctor.

This case, however, does not require us to determine whether the owner, having so entered, might or might not, at his election, treat the tenant who continued in possession, claiming less than a freehold, as a disseizor.

If, as in the case put in *Jackson*, the plaintiffs had been disseized by Anderson, and if by reëntering they would have been in as of their former estate, and the defendant, by refusing to surrender the possession, would have committed a wrong, which, not being able to limit by his tenancy, he would be liable in this action, he cannot be regarded as having committed such a wrong if the plaintiffs have not been disseized, and have themselves committed a wrongful entry upon him. The principle is not that every one in possession, whatever may be the nature of his claim, becomes a tenant of the freehold by remaining, as against any one who may enter upon him, whatever may be the right of the latter. But it is that he becomes such tenant if he wrongfully remains, whatever may be the nature of the claim upon which he wrongfully retains possession. Unquestionably he may allege that the plaintiff has no right or title to enter upon him, under the plea of *nul disseizin*. And we are of opinion that he may make the same defence under the plea of special *non tenure*, if the plaintiff reply that he was tenant of the freehold, and thus puts him on his defence. The question is merely one of pleading, and we see no reason in principle why the defendant should be obliged to plead the general issue in order to contest the title of him who enters upon his possession, if he is not tenant of the freehold, but claims for years or at will as the tenant of a third person.

The issue, upon *non tenure* special, being whether the defendant is tenant of the freehold, if he can show that his original entry was lawful, as tenant at will or for years of a third person, and that he has remained claiming no greater estate, the plaintiff, in order to maintain the issue

on his part must rebut this testimony. If he attempt to do that by showing that he entered upon the premises and required the tenant to quit, and that the tenant remained, this is consistent with the testimony of the defendant that he remained as the tenant of his lessor. The plaintiff must go farther, and show that the tenant has done a wrong to him by remaining. It is only in this way that he can show the defendant to be tenant of the freehold, even at the plaintiff's election. If the plaintiff had no right to enter, then no wrong has been done. The tenant by remaining, having done no more than he had a right to do, there is no wrong which cannot be qualified, and the tenant cannot be held to be in possession of more than he claims to be. The case is essentially different therefore from one where the tenant makes an unlawful entry, and the proof meets the issue directly.

If in this way the title of the plaintiff may in some instances be tried upon the plea of special *non tenure,* it results from the peculiar nature of the case. It is because the plaintiff, in an action which lies only against a tenant of the freehold, has summoned one who is not so in fact; whom he can elect to treat as such only upon the ground that he is owner, and is wrongfully held out by the defendant; who may not therefore allege that he does not claim all that he unlawfully withholds. The unlawful holding is essential to the maintenance of the issue, and the unlawful holding depends upon the title. The plaintiff may in such case be compelled to prove an ouster on this plea of *non tenure.* 5 Mass. 352.

Upon these principles the parties will understand how to try the case upon these pleadings.

*Case discharged.*