---
Marsh *v.* Smith.
---

---

MARSH *v.* SMITH & a.

A mortgagor in possession cannot, in a suit against him by his mortgagee, to recover possession of the mortgaged premises, plead special *non tenure*.

Where several defendants join in a plea in abatement, if the plea is bad as to one defendant, it is bad as to all.

A mortgagee and his assigns, claiming title as of mortgage, are entitled to maintain a writ of entry for the recovery of the possession against any one in the actual occupation of the premises.

WRIT OF ENTRY, dated January 23, 1846, in which the plaintiff demanded the possession of a tract of land in

Portsmouth, and alleged that James Smith, one of the defendants, on the 5th of September, 1837, being seized of the demanded premises in fee, by his deed of mortgage of that date conveyed the same to one Charles Hardy, to hold to him and his heirs and assigns in fee and in mortgage, and then alleged an assignment of the mortgage to the plaintiff, and a disseizin by the defendants.

The defendants pleaded in abatement " that, long before the purchase of the original writ in this action, one Daniel Smith was seized of the demanded premises for and during the natural life of one Mary Smith, the mother of the said James, to and for the use and behoof of her, the said Mary Smith, for and during the term of her natural life, and for no other use or purpose whatever; and, being so thereof seized, the said Daniel, with the knowledge and consent of the said Mary, demised the same to the said James and William, to have and to hold the same to them from the first day of April, in the year of our Lord one thousand eight hundred and forty-five, for the term of one year next ensuing, by virtue of which demise they were and still are possessed of the premises for the term aforesaid." And so, the defendants said, that they had nothing in the demanded premises on the day of the purchase of said original writ, nor at any time afterward, but only for a term of years, in form aforesaid, the freehold thereof being then and ever since in the said Daniel Smith.

The plaintiff filed a special demurrer.

*Emery*, for the defendants, cited *Wilson* v. *Webster*, 6 N. H. Rep. 419.

*Claggett*, for the plaintiff, cited 3 Pick. 512, *Thompson* v. *Hatch*.

PARKER, C. J.  The first question raised by this case is whether a mortgagor, in a suit against him by his mort-

gagee to recover the possession of the mortgaged prem-
ises, may defeat the suit ·by a plea of special non-tenure.
In real actions, not founded upon a title in mortgage, this
is a good plea in abatement in certain 'cases.   *Whidden* v.
*Proctor*, 17 N. H. Rep. 90, and cases cited.   But a mortgage
being a security charged upon the land, and a suit claim-
ing under it being instituted for the purpose of obtaining
the possession in order to secure the rents and profits, or
to effect a foreclosure, it has been settled in Massachusetts
that any person in possession is liable to the suit of the
mortgagee, and that the latter is not bound to bring his
action against the tenant of the freehold.   11 Mass. 216,
217, *Keith* v. *Swan* ; 22 Pick. 74, *Shelton* v. *Atkins*.

It is very clear that the mortgagor cannot abate the
writ of the mortgagee, and retain the possession against
him by alleging that he does not claim a freehold.   If the
mortgage is invalid, and conveys nothing, or if the mort-
gagee has assigned, and has no right, the mortgagor may
show that fact upon a trial of an action brought by the
mortgagee.   But if the mortgage is valid as between the
parties, the mortgagor cannot claim to remain as tenant
of a third person, against his own deed, nor insist that
the action should be brought against such third person
because the action in form demands a freehold, which he
does not possess.   17 Pick. 121, *Hunt* v. *Hunt* ; 6 Verm.
602, *Reed* v. *Shepley* ; 5 Halst. 102, *Den* v. *Van Ness*.   Al-
though the last two were cases of ejectment, the princi-
ple which governs them applies equally well in a writ of
entry.   On this ground the plea in this case is bad as to
James Smith, the mortgagor, and must fail as to both, the
defendants having joined in it.   Such is the well settled
rule in relation to pleas in bar.   1 Chitty Pl. 545 ; 1
Saund. 28, n. 2 ; Archbold's Civil Pl. 240, a ; Strange 509,
*Phillips* v. ·*Biron* ; Ditto 994, *Smith* v. *Bouchier* ; Ditto
1184, *Middleton* v. *Price* ; 3 D. & E. 376, 377, *Duffield* v.
*Scott* ; 3 Mass. 310, *Moors* v. *Parker* ; 2 Caines 108,

*Schermerhorn* v. *Tripp;* 7 Cranch 158, *Marsteller* v. *Mc-Lean.* And there seems to be no sound difference to distinguish this case. *Non tenure* is sometimes pleaded in bar. So are the authorities in Massachusetts.

We see no reason, however, to question the soundness of the general principle adopted in Massachusetts, and we therefore hold that the mortgagee and his assigns, claiming title as of mortgage, are entitled to maintain a writ of entry for the recovery of the possession against any one in the actual occupation of the premises, and that *non tenure special* is therefore not a good plea where the action appears to be founded upon the mortgage. A writ of entry by a mortgagee is, to a considerable extent, a substitute for a bill in chancery, used generally for the purpose of effecting a foreclosure, and any one in actual possession may well be made a party to it. The plea is bad, therefore, as to each of the defendants.

<div align="center">

*Judgment that the defendants answer over.*