By ttu; Court.
Duer, J.
It may be conceded, as the Su-
preme Court, in Shipman v. Clark, seems to hare decided, that as the law stood before the Code, the sheriff could not be made liable as a trespasser, for taking the goods particularly described in a writ of replevin, from the possession of a third person claiming to be the owner, but when we look at the form of the writ as given in the Revised Statutes, (2 R. S. p. 523, § 6. Yide also, § 524,) the reason for exempting the sheriff from this liability is at once apparent. The writ, not indeed by express words, but by a necessary implication, authorized the sheriff to take the goods, wherever they might be found within his county; since it was only when they could not be found within the county, that he was directed to arrest the defendant. But by an alteration.of the law, which seems eminently proper, the powers of the sheriff, in the action for the delivery of personal- property, which has been substituted for replevin, are far more limited. He can only take the property described in the affidavit of the plaintiff, when it is found in the possession of the defendant or his agent. (Code, § 209.) Hence, if the property is in the possession of any other person than the defendant, the sheriff in taking it, acts at his peril, and can only free himself from liability as a trespasser, by showing that this person was in reality no. more than an agent of the defendant, and in this capacity alone, held the possession. If he fail in this proof, we cannot doubt that he is just as liable for the value of the property, to the person from whose possession it is wrongfully taken, as he is to the true owner of goods, which are levied on and sold, under an execution against another. In both cases, he can only defend himself by proving that the property belonged to the defendant in the action. It is not denied, that the goods now in question, when taken by the defendants, were in the actual possession of the plaintiffs, nor is it pretended, that they held the possession as the agents of Schlessinger and Rothschild. On the contrary, it is clearly proved, that they claimed, and for aught that appears, justly claimed to be themselves the owners. It is, therefore, certain, that the defendants in taking the goods from the possession of the plaintiffs, exceeded- their authority and vio *437 lated tbeir duty, and must be liable for tbe damages found by tbe jury, unless we are compelled to say, that tbe complaint ought to bave been dismissed on tbe trial, or tbat tbe evidence tben offered on tbeir bebalf, was improperly excluded.
Tbe Code provides tbat wben tbe property taken by tbe sheriff, is claimed by any other person than tbe defendant or bis agent, such person shall make, and serve upon tbe sheriff, an affidavit, showing bis title to tbe property, and bis right to its possession, and'tbat no such- claim shall' be valid against tbe sheriff, unless it is made in tbe mode prescribed. (Code, § 216.) And it has been insisted, tbat as no such claim and affidavit were made by tbe plaintiffs, they cannot be entitled to recover; but we are satisfied tbat tbe objection is groundless, and tbat tbe provisions tbat bave been quoted, are only appbcable wben tbe property has been taken by tbe sheriff, in tbe proper discharge of bis duty; tbat is, from tbe possession of tbe defendant or bis agent. They were never meant to protect him where bis original taking of tbe property was a wrongful act, for tbe consequences of which, be was immediately liable. It appears from other provisions.in tbe section, tbat the sheriff is not bound to deliver tbe property immediately, and as a matter of course, to a claimant who has made and served tbe required affidavit. On tbe contrary, be has a right to retain it a reasonable time, for tbe purpose of ascertaining whether tbe plaintiff in tbe action will consent to indemnify him, and if tbe indemnity is given which be has a right to demand, it is to tbe plaintiff, and not to tbe claimant, tbat tbe property must be delivered. We cannot, however, believe tbat it was tbe intention of tbe framers of tbe Code, or of tbe Legislature, tbat tbe sheriff should retain, for any period or purpose, tbe possession of property which be bad no authority, and is in effect, forbidden to take, and still less, tbat be should deliver tbe property so taken to tbe plaintiff in tbe action. We think tbat to give this construction to section 216, would be to render it plainly inconsistent with tbat limitation of tbe sheriff's authority, which tbe preceding section, 209, has defined and imposed.
Tbe objections tbat tbe defendant Orser, not having been present in- person, wben tbe goods in question were unlawfully taken, by bis deputy, ⅛ not bable as a trespasser at all, or, if bable, can *438 not be joined in an action witb bis deputy, are tbe same tbat were fully considered and distinctly overruled by bis court, in tbe case of Waterbury v. Westervelt, a case not reported, but in wbicb our judgment, we know, bas been affirmed in tbe Court of Appeals. When tbat case was before us, all tbe authorities bearing on tbe question were carefully examined, and especially tbe judgment of tbe Supreme Court of Massachusetts, in Campbell v. Phelps, (1 Pick. R. 62,) tbe case on wbicb tbe counsel- for tbe sheriff mainly relied. We thought, however, and still think, tbat tbe opinion delivered in tbat case, by Mr. Justice Wilde, was more satisfactory in its reasoning, and better sustained by authority and by analogy, than tbat of tbe majority of bis brethren, from whom be dissented; and such must.also have been tbe opinion of tbe Court of Appeals, in affirming our judgment. At any rate, tbe decision of the Court of Appeals, bas settled tbe law in favor of tbe right of tbe plaintiffs to maintain their action, in its present form.
• Tbe evidence tbat was offered to prove tbat tbe property of tbe goods was in Bernhard, and not in tbe plaintiffs, was very properly excluded, not only because no such defence is set up in tbe answer, but for tbe conclusive reason tbat tbe defence of a paramount title in a stranger, is one tbat trespassers can never be allowed to make. (11 John. 132; 13 John. 276; 1 Wend. 466; 7 Term R. 354; 8 id. 403.) Tbe defendants were not acting as tbe private agents of Bernhard, but in their official capacity, and it was upon their authority so to act, tbat tbe question of their liability solely depended. Bernhard is in no sense a party to this „ action, and it is only in an action to wbicb be is a party; tbat tbe question, whether tbe goods belonged to him or to tbe plaintiffs, can be properly determined. As tbe goods, when taken, were in tbe possession of tbe plaintiffs, as owners, tbe defendants were not at liberty to contest their title, otherwise than by showing (that tbe property belonged in fact to Schlessinger and Rothschild, and tbat tbe plaintiffs held tbe possession merely as their agents; ,-and no such evidence was given, or attempted to be given.
Tbe direction of tbe Judge as to tbe rule of damages, was entirely correct. Tbe plaintiffs were entitled to recover tbe market value of tbe goods, and were not limited, to tbe price which they bad paid for them.
*439 As we are of opinion tbat none of tbe exceptions tbat were taken on tbe trial can be sustained, tbe plaintiffs are entitled to judgment upon tbe verdict, witb costs.
Judgment accordingly.