## DEITSCH *v.* WIGGINS et al.

TRESPASS — *plea of justification.*  In trespass *de bonis* against an attaching creditor who justifies under the writ he must aver and prove a debt due from the attachment defendant to him.

PLEADING — *must be good as to all.*  If two or more in pleading join in a defense which is sufficient for one but not for others, the plea is bad as to all.

The sheriff who levied the writ of attachment joined with the attaching creditor in a plea of justification insufficient as to the latter, and the defense was not available to either of them.

PLEA DEFECTIVE — *issue thereon.*  A plea defective in substance is not cured by joining issue thereon unless the defects are supplied in the replication.

*Plea defective in substance.*  A plea substantially defective presents no defense to the action, and evidence of the facts alleged therein, or of those omitted therefrom, cannot be received although issue is joined thereon.

In trespass *de bonis* by a vendee of goods against creditors of the vendor, who have taken the goods in attachment, the latter cannot show that an agent who made the sale acted without authority from the vendor, unless they also show a debt due from the vendor to them.

PLEA OF JUSTIFICATION *must be special.* In trespass *de bonis* the defense that the goods were taken under attachment against a third person is not admissible under the general issue.

MEASURE OF DAMAGES *in trespass.* In trespass *de bonis* the plaintiff may recover the highest market price of the goods taken.

### *Appeal from District Court, Gilpin County.*

TRESPASS by the vendees of merchandise against creditors of the vendor, who had taken the goods in attachment and the sheriff who levied the writ.

The pleadings are sufficiently stated in the opinion of the court.

P. M. Martin testified, that the goods were taken by the sheriff from the possession of appellee's agent, and that he invoiced the goods by the direction of the sheriff, at cost and freight added ; that the invoice price was $2,315.90 ; that the goods might be sold for this amount with good management ; but that he did not think them worth more than seventy-five cents on the dollar of the invoice price; that he would not give more than that amount; but that it would not be difficult to get cost for them, that the cash valuation is the amount added upon the invoice.

Charles C. Post testified, that he was present when the goods were taken away, and saw the sheriff and appellant there, that appellant was engaged in selecting the goods from the shelves as they were being packed.

Defendants below offered to prove, by Charles E. Sherman, that the goods taken were part of the stock of merchandise of Oliver S. Buell, who did business under the name and style of O. S. Buell & Co. ; that the witness, Charles E. Sherman, was the clerk of said O. S. Buell for the space of about six months prior to the 6th day of May, 1867 ; that for two or three months prior to the 2d or 6th day of May, 1867, the said Buell was absent from the said territory of Colorado ; that during the absence of the said Buell, said Sherman was the clerk of said Buell, to carry on the regular business of said Buell in Central City, which was retailing clothing and merchandise ; that the

said Sherman had no right or authority whatever to sell or dispose of the entire stock of goods of said Buell, but was only authorized to sell in the regular course of business; that on the 29th day of April, 1867, John Q. Hart, agent of the plaintiffs, well knowing that the said Sherman was not authorized to sell the entire stock of goods, fraudulently agreed and combined and confederated with the said Sherman to make a pretended purchase of the entire stock of goods, for the purpose of hindering, delaying and defrauding the defendants, Moritz Deitsch, Isidor Deitsch and Jonas Deitsch, defendants herein, and other creditors ; that the said Hart well knew that the said Jonas Deitsch, Moritz Deitsch and Isidor Deitsch were creditors of said Buell to a large amount, and that such sale was designed by him to cheat, hinder and defraud said defendants ; that said stock of goods was worth $10,000, but was sold to said Hart, Wiggins & Co., for a grossly inadequate sum ; that whatever money was paid, if any, or securities given, were so concealed, smuggled and managed as to protect and place it beyond the reach of the defendants and for the benefit of the said Buell, Hart, Wiggins & Co., John Q. Hart and said Sherman, to which evidence plaintiffs objected, and the court sustained the objection.

Defendants then offered the affidavit, bond and sheriff's return in the suit of Deitsch & Bros. against Buell, to which plaintiffs objected, and the objection was sustained.

The court gave the following instructions to the jury at the request of the plaintiffs below :

The court is asked to instruct the jury, that the defendants are not entitled to have the goods and chattels taken by them appraised or valued at the wholesale price, but the jury may find the goods and chattels of the value they would bring in market at retail.

If the jury believe, from the evidence in the case, that before the commencement of this suit the plaintiffs were possessed of a quantity of personal property, and the defendants, William Z. Cozens and Moritz Deitsch, took the said goods and chattels, and carried the same away

without the consent of the plaintiffs, such acts were acts of trespass.

The court instructs the jury, that, when the goods of another are taken without his consent, and against his will, and it is shown that the taking was wrongful, the highest market price or value of the goods so taken,. at the time of the taking, will be allowed to the owner.

If the jury believe, from the evidence, that, at the time defendant, Cozens, was packing up the goods and chattels mentioned in the declaration, Moritz Deitsch was there, assisting in selecting the same, without the consent of plaintiffs, then he was guilty of trespass, and, if he had the consent of plaintiffs, it is incumbent on the defendant Deitsch to prove such consent.

The court instructs the jury, that if they believe, from the evidence, that the goods mentioned in the declaration were in the possession of the plaintiffs at the time of the taking of the goods by the defendants, or either of them, if said goods were taken by them, or either of them, the law presumes they, the said plaintiffs, were the owners of said goods, and it is incumbent on the defendants to rebut that presumption by proof that they were not the goods of the plaintiffs, and if said defendants have failed to make such proof, they should find for the plaintiffs such sum as, by the evidence, such goods were shown to be worth.

On behalf of defendants the court gave the following instruction :

To enable the plaintiffs to recover against the defendants in this action, the plaintiffs must show, by evidence to the jury, that the said plaintiffs, at the time of the taking, were rightfully in possession or entitled to the possession of the property alleged to have been taken as against the defendants.

And the said defendants also moved the court to give the jury the following instructions :

Unless the jury believe, from the evidence, that defendant, Moritz Deitsch, was present, in some way aiding, counseling and abetting the taking of the goods in question, they will find defendant, Moritz Deitsch, not guilty.

The jury are instructed by the court, that, to enable plaintiffs to recover in this action, plaintiffs must, at the time of such taking, have had rightful possession of the premises in question.

If the jury believe, from the evidence, that Moritz Deitsch was present at the time of the alleged taking of the goods in question, but that he neither counseled nor took any part in said taking, they will find defendant, Moritz Deitsch, not guilty.

But the court refused to give said instructions, and defendants excepted.

Messrs. ROYLE & BUTLER, for appellant.

Messrs. JOHNSON & TELLER, for appellees.

BELFORD, J. This was an action of trespass, *de bonis asportatis*, commenced by appellees against William Z. Cozens and Moritz Deitsch, Isidor Deitsch and Jonas Deitsch in the district court of Gilpin county, in which the appellees recovered a judgment against said William Z. Cozens and Moritz Deitsch for the sum of $2,315.90, and from this judgment Deitsch appeals. The declaration alleged that the defendants took and carried away certain goods and chattels in the declaration mentioned, on the 4th day of May, 1867, of the value of $2,315.90.

The defendants jointly plead the general issue, and also a special plea alleging that the goods and chattels in the declaration mentioned were the goods and chattels of O. S. Buell & Co., on the said 4th day of May, 1867, and that, on the 3d day of May, 1867, a writ of attachment was issued out of the district court of Gilpin county in favor of the firm of Deitsch & Bro., directed to the sheriff of said Gilpin county, commanding him to attach so much of the estate, real and personal, of the said O. S. Buell & Co., as should be of sufficient value to satisfy the sum of $1,478.90, and costs ; that, on the said 3d day of May, 1867, the said William Z. Cozens was sheriff of Gilpin county ; that, on said day, the writ of attachment was delivered to said Cozens to

execute, and that, on the 4th day of May, 1867, he levied
upon the goods and chattels mentioned in the declaration
as the property of the said O. S. Buell & Co., by virtue of
said writ of attachment, which were the supposed trespasses
complained of. Appellees filed several replications, deny-
ing that the goods and chattels mentioned were the prop-
erty of O. S. Buell & Co., on the 4th day of May, 1867 ; also
denying that the writ was issued as alleged in said plea,
and that Cozens levied upon said goods under and by vir-
tue of such writ, and that Cozens was sheriff of Gilpin
county. The above is a brief and, we believe, a correct
abstract of the pleadings. During the progress of the trial,
the defendants offered in evidence a certain affidavit, bond
and writ of attachment, and sheriff's return indorsed
thereon, in case of Moritz Deitsch, Jonas Deitsch and Isidor
Deitsch, against said Oliver S. Buell & Co., then pending in
said court, and being the writ of attachment under which the
defendants sought to justify. To the introduction of this
evidence the plaintiffs objected. The objection was sus-
tained and the defendants excepted. The action of the court
in excluding this evidence is the principal matter com-
plained of.

It is urged by the appellant that the appellee, having
joined issue on the special plea, was by the joinder pre-
cluded from objecting to the introduction of evidence under
it ; that the filing of the replication cured whatever defects
existed in the special plea. Under the ruling of the court
below three questions present themselves. First, was the
special plea defective in substance ? Second, did the ap-
pellee, by pleading over, waive any substantial defects that
existed in the special plea ? Third, the plea being defective,
could the appellees object to the introduction of evidence
under it ? It must be admitted, at least it will so appear
after a careful examination, that there is no allegation in the
special plea that O. S. Buell & Co. were, at the time of the
alleged trespass, indebted to Deitsch & Bro. Giving the
plea the most liberal construction, it simply avers that on
the 3d day of May, 1867, a writ of attachment was issued

out of the district court of Gilpin county, at the suit of Moritz Deitsch, in favor of said Moritz Deitsch, Isidor Deitsch and Jonas Deitsch, partners doing business under the firm name of Deitsch & Bro., and which said writ commanded the sheriff to attach as much of the estate, real and personal, of Oliver S. Buell & Co., as should be of the value sufficient to satisfy the sum of $1,478. It might be inferred that this sum of money was due from Buell & Co. to Deitsch & Bro., but it is not so averred. The omission to aver an indebtedness we regard as a substantial and fatal defect. When a creditor, sued in trespass by a vendee of goods, contests the plaintiff's title on the ground of fraud, if he justifies under a writ of attachment against the vendor he must show a debt against him, or a judgment if he justifies under an execution. *Damon* v. *Bryant,* 2 Pickering, 411, and authorities cited; *Noble* v. *Holmes,* 3 Hill, 194. There was no allegation of an existing debt in the plea, nor was there any offer made to prove one on the trial. The plea is bad for another reason. It does not show that an affidavit was filed before the writ was issued, nor does it show the return of the writ. *Davis* v. *Bush,* 4 Blackford, 330. But there is still another objection which we regard as fatal, and one that applies equally to Cozens & Deitsch. They both joined in the special plea. In the case of *Moors* v. *Parker et al.,* 3 Mass. 310, it is held, that when several defendants join in pleading in bar, if the plea is bad as to one defendant it is bad as to them all. The rule on which it is founded is correctly laid down in 1 Saund. 28, n. 2. "If two or more in pleading join in a defense which is sufficient for one but not for others, the plea is bad as to all — for the court cannot sever it, and say that one is guilty and the others not, when they all put themselves upon the same terms." This is upon the principle that a plea is entire and not divisible, and, therefore, if bad in part is bad in whole.

In the case of *Bradley* v. *Powers,* 7 Cow. 330, it is held, that when two plead a justification jointly or a plea involving a justification which fails as to one, the plea, being entire, fails as to both. To the same effect is *Middleton* v. *Price,*

11 Strange, 1184, and see *Merrill* v. *Forbes*, 5 Wend. 238. Were it deemed necessary, authorities on this point might be greatly multiplied. The plea being thus substantially defective, was it cured by pleading over? We think not. A judgment entered on the plea could have been arrested. While all merely formal defects in a pleading are aided and cured by pleading over, except on special demurrer, assigning this for cause, yet such defects as would be fatal on general demurrer are not aided or cured by pleading over. Gould on Pleading, § 11, p. 496. While a plea that states a fact, but states it defectively, would be cured by pleading over, still the authorities nowhere hold, that an omission to state a substantial and material fact will be cured by pleading over, unless the party replying to the plea affected by the omission supplies the omitted fact by setting it up in his own plea. If one party expressly avers a material fact, before omitted on the other side, the omission is cured. For the defect in the pleading of the one party is thus supplied by the other; and it may thus appear from the pleadings on *both* sides taken together, that he, on whose part the omission occurs, is entitled to judgment, although his own pleading, taken *by itself*, be insufficient. Thus, when in trespass the plaintiff complained of the defendant for taking a certain iron hook without alleging possession in himself (which in that action is material), the defendant's plea, in which he confessed and justified the taking of the hook from the *plaintiff's hand*, was held to aid the declaration, inasmuch as it expressly *acknowledged* the plaintiff's possession. Gould on Pleading, § 192, p. 166.

The special plea being defective, could the plaintiff below object to the introduction of evidence under it?

It is claimed by the appellant that the plaintiff below, having failed to demur, and having joined issue on this plea, was estopped from objecting to the introduction in evidence of matters alleged in it. If the plea was substantially defective, and so we adjudge it to be, and was not cured by pleading over, then it was no defense to the action, and being no defense to the action, it was entirely competent

for the court to disregard it and exclude the evidence sought to be introduced under it. *Kemp* v. *Moundel,* 9 Leigh, 12. The mere fact that a party joins issue on a plea fatally defective does not and cannot impose upon a court the duty of hearing and admitting evidence under it, when it becomes apparent that no judgment could be sustained if rendered on such plea. Having said this much on the subject of the special plea, it is proper to inquire, whether, under the general issue, it was competent for the defendants to introduce in evidence the writ of attachment with the affidavit annexed. In the case of *Rosenburg* v. *Angel,* 6 Mich. 509, it is said : "In trespass *de bonis,* the defense that the goods were taken under attachment against a third person, alleged to be the owner, is not admissible under the general issue."

The same rule is laid down in Chitty's Pl., vol. 1, p. 500, 502. In an action for trespass for injuries to real or personal property, the plea of not guilty puts in issue the trespass alleged in the place mentioned, and operates as a denial of the plaintiff's possession or right of possession. The substance of the declaration is, that the defendant has forcibly and wrongfully injured property in the possession of the plaintiff, and under the general issue the plaintiff must prove, first, that the property was in his possession at the time of the injury, and this rightfully as against the defendant. Second, that the injury was committed by the defendant with force. Under the general issue the defendant may give in evidence any facts tending to disprove either of the propositions which we have seen the plaintiff is obliged to make out to maintain his action. Every defense which admits the defendant to have been *prima facie* a trespasser must be pleaded specially, but any matters which go to show that he never did the act complained of may be given in evidence under the general issue. Puterbaugh's Pr. 464. In the extended examination given this subject, we have found but two cases where proof tending to justify a trespass has been allowed to be introduced under the general issue. The first is the case of

*Anthony* v. *Gilbert*, 4 Blackf. 348, in which the supreme court of Indiana held, that "the defendant may show, in mitigation of damages, under the general issue, that the goods at the time of taking belonged to a third person, and that the *plaintiff was not liable for them to the owner.*"

In the case of *Squire* v. *Hallenbeck*, 9 Pick. 551, it is held that "in trespass *de bonis asportatis* the defendant may prove, in mitigation of damages, that the goods did not belong to the plaintiff, and that they came *to the use of the owner*, although in taking them the defendant acted without authority." But the ruling in each of these cases is made to rest on special grounds. In New York, by statutory provision, the plea of not guilty is equivalent to a plea of justification. *Merrill* v. *Forbes*, 5 Wend. 239. It is further claimed by the appellant that the court erred in refusing to allow the defendants below to introduce proof of Sherman's want of authority to sell the goods to Hart, Wiggins & Co. It must be borne in mind, that Deitsch's interference with the property in controversy could only be justified on the ground that he was a creditor; that he had a valid subsisting debt against O. S. Buell & Co., and that, as such creditor, he was assailing the title of Hart, Wiggins & Co. These matters could only be introduced under a special plea, and we have already held that the special plea was fatally defective and no proof could be admitted under it. It is therefore not necessary for us to discuss or decide whether the sale made by Sherman to plaintiffs below was a valid sale, or whether it could or ought to be upheld against existing creditors of Buell. It is further urged by the appellant that the court below erred in the instructions given the jury on the subject of damages. We have carefully considered this point and find no error. In the case of *Anthony* v. *Gilbert, supra*, it is said : "We know of no standard by which damages in action of trespass can at all times be measured. The nature of the injury complained of renders it impracticable to establish such a rule, the first inquiry should be the amount of injury actually sustained, which, together with interest, is a good general

measure of damages in the absence of circumstances of aggravation. But to limit the investigation to the pecuniary loss of a plaintiff would frequently do him injustice, and always to extend it beyond such loss would as often be unjust to the defendant." If, however, we confine the measure of damages to the value of the property when taken, we see no injury sustained by the defendant for the reason that the damages assessed by the jury did not exceed in amount the value of the goods as fixed by the evidence.

We have carefully considered the other objections urged, and find no reasons why the judgment should be reversed.

Judgment affirmed, with costs.

*Affirmed.*