The inhabitants of the town of NORWICH *against* The inhabitants of the town of SAYBROOK.

A minor daughter, an inhabitant of another state, residing with and in the family of her mother, a feme sole, is a part of that family within the statute of settlements. *Tit.* 91. *s.* 4. ed. 1808.

If any member of the pauper's family is in fact chargeable to the town, in which a residence of six years is claimed, it will prevent the pauper's gaining a settlement by such residence, though the expenses of the town have been reimbursed from the state treasury.

Therefore, where a mother, being a feme sole, having a settlement in the town of *S.* in this state, resided more than six years in the town of *N.* in this state, supporting herself; but, during this period, a minor daughter, an inhabitant of the state of *Rhode-Island,* who resided with her and in her family, needed relief, and was supplied by the select-men of *N.,* and the town of *N.* afterwards obtained a reimbursement of their expenses from the state treasury; it was held, that the mother did not, by such residence, gain a settlement in *N.*

This was an action of *assumpsit* for the support of *Margaret Helping,* a pauper.

In *January,* 1810, the pauper had a settlement in *Saybrook.* From that time until *November,* 1820, she resided and had her home in *Norwich,* being sole and unmarried; and during the whole of this period, she supported herself. In 1811, her minor daughter *Sarah Helping,* who had a settlement in the state of *Rhode-Island,* but none in this state, and who had, for several years previously, resided with, and in the family of, the pauper, in *Norwich,* without having been warned to depart from the town, became chargeable; and the select-men of *Norwich* furnishud her with relief, for two or three weeks. After this, she went to *New-York,* but soon returned to her mother, and was then warned to depart from the town of *Norwich.* She again became chargeable, and was furnished by the select-

men of *Norwich*, for two or three years, from 1812 to 1815, when she became twenty-one years of age. The expenses of her support, after her return from *New-York*, were, from time to time, adjusted and liquidated, by the comptroller of public accounts of this State; and such part of those expenses as he judged proper, was reimbursed to the select-men of *Norwich*, from the treasury of this State; but the comptroller did not allow the full amount, nor did he allow interest on the amount actually allowed, from the time the disbursements were made. On the 9th of *November*, 1820, the town of *Norwich* had expended, for the necessary support of the pauper in question, the sum of 95 dollars; of which due notice was given to the defendants.

A case, of which these are the material facts, was agreed to, by the counsel of the parties respectively, and was reserved for the opinion of this Court.

*Goddard* and *H. Strong*, for the plaintiffs, contended, That *Margaret Helping*, who, in *January* 1810, was settled in *Saybrook*, did not, by a residence of six years between that time and *November*, 1820, gain a settlement in *Norwich*; she not having supported her minor daughter, then residing with her and in her family, without her being chargeable to that town. *Stat.* 391. *tit.* 91. *s.* 4. ed. 1808. If this daughter, thus situated, was a part of the pauper's family, during her residence in *Norwich*, it is clear, that the pauper gained no settlement there; for she did not support her family. That in ordinary cases, a minor child, living with a parent, is a part of that parent's family, is unquestionable. Are there any circumstances in this case, to take it out of the general rule? The daughter had, indeed, a settlement in *Rhode-Island*; but this did not dissolve or affect the relation of parent and child. The mother still continued liable for her support, both by statute, and at common law. *Stat.* 382. *tit.* 88. *c.* 1. *s.* 1. 1 *Bla. Comm.* 447. 1 *Swift's Dig.* 41. But if some other person, or some distant corporation, were ultimately liable for her support, this would not prevent her being a part of her mother's family while she lived in it. It is to be kept in mind, that the question who was liable for the daughter's support, is of no importance in this case, any farther than it goes to determine the question whether she was a part of her mother's family. This being established, the statute has made the mother's furnishing support a condition precedent to her gaining a settlement.

New-London,
July,
1824.

Norwich
*v.*
Saybrook.

49

*New-London,*
*July,*
*1824.*

Norwich
*v.*
Saybrook.

It may, perhaps, be said, that the daughter was not chargeable to *Norwich*, inasmuch as the state repaid the disbursements of that town. But, in the first place, being chargeable to the town, means being *actually chargeable*, without reference to any eventual remuneration. The expenses of a town in supporting a pauper, who has not gained a settlement, are, in all cases, to be reimbursed. But secondly, the town of *Norwich* has been subjected to expenses for the support of *Sarah Helping*, which have not been reimbursed; a part of such expenses, with all the interest thereon, having been disallowed, by the comptroller.

*Platts*, for the defendants, admitting that the case must turn on the meaning of the term *family*, as used in the statute, (*p.* 391. *tit.* 91. *s.* 4. ed. 1808.) insisted, that it was a *limited* term, and included only those persons, whom the head of the family was bound to support. A person is not a member of a family, in the sense attached to it by this statute, because he *boards* or *resides* in it. Surely, a woman, who kept a boarding-house, would not be precluded from gaining a settlement by commorancy, because she did not support, at her own expense, all her *boarders*. Nor is a person *of course* a member of the family in which he resides, within this statute, because he sustains the relation of *child* to the head of it. There must be something more than this. The whole section relates to inhabitants of some town in this state; and it is applicable only to cases where some town in this state is liable for the support of the pauper *and his family*. But no town in this state was liable for the support of *Sarah Helping*. The select-men of *Norwich* were the instruments of furnishing her relief; but they immediately charged over the whole expense to the state; and if they did not recover from the state their whole claim, it was because, in the opinion of the proper officer, whose decision cannot here be revised, some part of it was unreasonable, or not duly authenticated. The statute authorized a reimbursement from the public treasury of the whole expense. *Stat.* 616. *tit.* 148. *c.* 2.

Hosmer, Ch. J. Did the pauper, during her residence in *Norwich*, support herself and family, without being chargeable to the town? This is the first enquiry; and it is certain, that she did not support *her family*, if *Sarah Helping*, her minor daughter, is embraced within that term. It is a conceded point that the mother was under a legal obligation to support her

daughter ; so that in the strictest sense, while she lived with her mother, she was one of her family ; nor could this be decently controverted, in the face of the mother's natural duty, enforced by the plain expressions of the statute.    *Stat.* 382. *tit.* 88. *c.* 1. *s.* 1. ed. 1808.

It, however, has been supposed, that the daughter's being an inhabitant of the state of *Rhode-Island*, makes a difference in the case.    How this even bears upon it, I am incapable of conceiving, as both the natural and legal obligation of the mother to furnish the daughter a support, is undiminished, by this circumstance.    The duty of maintenance remains equally, as if the latter had no other possible resource ; and on this subject neither law nor reason recognize any exception.

It is distinctly stated, that *Sarah Helping* was chargeable in fact to *Norwich ;* and this, in my opinion, is the species of charge intended by the law.    That this is the true construction of the statute, is clearly apparent from the power of removal founded on this fact.    If chargeable, the pauper may be removed to the place of his or her last legal settlement.    The word *chargeable*, here, means a *charge in fact*, without enquiry as to the possibility of obtaining remuneration ; and this is its intendment throughout the section of the law in question.    But on this point it is unnecessary to expatiate.    It was correctly remarked, by the plaintiffs' counsel, that *Norwich* had been, not only actually, but ultimately charged.    The money advanced for the support of *Sarah Helping*, has been reimbursed, by the State, but in part, and that without interest.    In the most comprehensive sense of the expression, the pauper's family was chargeable to *Norwich ;* and therefore, she was incapable of obtaining a settlement there, by commorancy.

I advise judgment for the plaintiffs.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

Judgment to be rendered for the plaintiffs.