Trumbull, J. Joseph Eames, a resident of Oquawka, on his return home from St. Louis, died suddenly of the cholera on ■board -a steamboat upon the Mississippi river. Just before his death, he delivered up to the defendant his money, and requested ■him to "‘keep and deliver it to his family. The deceased and the defendant had gone down to St. Louis together a few days previous, were both residents of Oquawka, and, so far .as the evideuce shows, were the only persons from that place upon the boat at the time of Eames’ death. After his return, the defendant paid over to the plaintiff, who is administrator of the said Joseph Eames, deceased, two hundred and fifteen dollars in gold, and twelve dollars in paper money. This suit was brought upon the ground that defendant did not pay over all the money he received from the deceased. A variety of facts were proven upon the trial, mostly of a circumstantial character, tending to show that the deceased had more money with him, and that the defendant received a larger sum than he had accounted for. The defendant requested the Court.to instruct the jury as follows : “ That it is not incumbent on the defendant to account for what Joseph Eames did with his money, and unless they believe from the evidence, that the said defendant received more money from Joseph Eames than he delivered to the plaintiff, they will find for the defendant.” This instruction the Court gave, and the giving of it is now assigned for error. That one man is not bound to show what another has done with his money, is true, as a general proposition, and yet such a state of circumstances may exist as to make it incumbent on a person, who would discharge himself from liability, to show what another has done with his money. The first part of the foregoing instruction, as applied to the facts and circumstances of this particular case, was, we think, erroneous, for the reason, that it assumed that the evidence offered was not sufficient to justify the inference of such & prima facie case against the defendant, as to call upon him to explain how it was that he received no more money from Eames. We do not say that such a case was made out, and the Circuit Court had no right to say there was not, but should have left the jury to determine from all the circumstances in evidence, whether more money had been traced to the possession of Eames just before his decease, than the defendant had accounted for, and if there had been, whether enough was not shown in connection with the other evidence to make it incumbent upon the defendant to show what became of the balance of the money that Eames had. The substance of the instruction was, that the plaintiff’s evidence was insufficient to warrant the inference, that Eames, about the time of his decease, had more money than defendant had paid over, so as to throw upon him the burden of accounting for such excess. Had the defendant been able to show that Eames shortly before his death, lost, paid out, or in any manner used any considerable sum of money, such circumstance would have been greatly in his favor. That he was bound to introduce such evidence we do not mean to intimate. He was clearly not liable for more money than he received from Eames, but in determining how much he did receive, it was for the jury to say whether the evidence satisfied them that Eames had in his possession, about the time of his decease, a larger sum of money than defendant had accounted for, and which must have gone into his possession, unless he could show that Eames otherwise disposed of it. The instruction was calculated to mislead the jury, by withdrawing from their consideration part of the evidence in the case. It is not the province of the Court to draw inferences from the evidence, or determine what it does or does not prove, and if it do so in a manner calculated to mislead the jury, its judgment will be set aside and a new trial granted. Judgment reversed and cause remanded. Judgment reversed.