FRANCIS C. SHERMAN *et al.*, Plaintiffs in Error, *v.* ALFRED DUTCH, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Notice of special defense, given with the general issue, stands in place of a special plea, and if the matter stated in the notice is not a good defense in law, no proof can be given under it.

An administrator or executor cannot distrain or sue for rent which accrues after the death of the owner of the land. The rent, in such case, goes to the heir.

If a distress warrant is executed in the night time, it is a trespass.

In an action of trespass, for damages resulting from the execution of a distress warrant, it is erroneous to instruct the jury, that "the manner in which the warrant was executed, and the plaintiff's property used, is evidence to show malice, and may be taken into consideration to enhance damages," as such language might lead the jury to suppose that the question of malice was settled by the court as a matter of law.

If a distress warrant is made oppressive, or is wrongfully executed, the jury may take the fact into consideration.

Instructions should be so drawn as to declare the law upon a supposed state of facts to be found by the jury, and not assume the facts as determined.

In trespass, a plaintiff may recover vindictive or exemplary damages, and he may recover special damages resulting from a wrongful act, if stated and claimed by his declaration.

Evidence as to the value of the business interrupted or destroyed, is proper under a proper statement in the pleadings.

If books or papers, indispensable to the business of the plaintiff, though of little or no value in market, are maliciously or wantonly taken, it is proper to consider the fact in aggravation of damages.

The parties who issue the distress warrant, may show, although there is a written lease, that they have been recognized and treated by the tenant as landlord.

The record of judgment resulting from the distress warrant, would be proper evidence in mitigation of damages, upon an action for an abuse of the process in its service.

THIS cause was heard before J. M. WILSON, Judge of the Cook County Court of Common Pleas, at the February term, 1854, of that Court.

The opinion of the Court gives a statement of the case.

H. FRINK and A. W. WINDETT, for Plaintiffs in Error.

HERVEY and CLARKSON for Defendant in Error.

SKINNER, J. This was an action of trespass by Dutch, against Sherman, Updike and Regan.

The declaration alleges that the defendants entered the premises and printing establishment of the plaintiff, and took and converted the materials, books, papers, and so forth, thereof. In one of the counts the plaintiff alleges special damages in the suspension of his newspaper, the loss of subscribers to the same, of advertising patronage of individuals, and of the United States, in the loss of profits of the establishment, in

delays and expenses in the re-establishment of his paper, caused by the trespass complained of.

The defendants plead the general issue, and gave notice of special matter in defense of the action. First, that the premises in plaintiff's declaration described, was the property of the estate of Peter L. Updike, deceased ; that Sherman and Updike were the administrators of the estate of said Peter L. Updike ; that plaintiff was indebted to Sherman and Updike, as such administrators, for rent due them for the use of said premises, in $51.66, upon a holding over of plaintiff of the same, under a lease of the premises, executed by said defendant Updike, as administratrix of the estate of said Peter L. Updike, deceased, to said plaintiff ; that Sherman and Updike, to collect the same rent, executed their distress warrant, and delivered the same to Regan to execute ; that Regan, by virtue thereof, entered the said premises and seized the said goods and chattels, as he lawfully might.

Second, that plaintiff was indebted to Sherman and Updike in $51.66, for rent due for said premises ; that they, to collect the same, executed their distress warrant as follows: setting out the warrant signed by Sherman and Updike, as administrators of the estate of Peter L. Updike, deceased, and reciting that the rent was due upon a holding over of plaintiff, under a lease of the premises, executed by Updike, as administratrix of the estate of Peter L. Updike, deceased, to the plaintiff, and that the same was delivered to Regan to execute, and that Regan, by virtue thereof, entered the premises and seized the goods and chattels, as he lawfully might.

The cause was tried by jury, and a verdict rendered against defendants for $4,500 damages. Motion by defendants for a new trial. Motion overruled, and judgment upon the verdict. The defendants appealed.

The following questions arise upon this record :

First. Did the court below err in giving the instructions asked for by the plaintiff ?

Second. Did the court err in rejecting certain testimony offered by defendants ?

Third. Did the court err in admitting certain testimony on the part of the plaintiff ?

The evidence establishes, that under the distress warrant, Regan entered the plaintiff's printing rooms, in Chicago, and took, carried away and sold, the printing materials of the plaintiff, of about the value of $1,500, and also the books, papers, files, and so forth, belonging to the establishment ; that in consequence thereof, the newspaper of the plaintiff was stopped, and his business suspended for some time.

The instructions given on the part of the plaintiff, are as follows: " That the distress warrant, of itself, constitutes no defense to the plaintiff's action." " If the jury believe, from the evidence, that the warrant was executed in the night time, it was a trespass, and the plaintiff is entitled to recover, provided the jury believe, from the evidence, that the plaintiff has made out his case." " The manner in which the warrant was executed, and the plaintiff's property used, is evidence for the consideration of the jury, to show malice on the part of the defendants, and may be taken into consideration by them, in enhancement of the damages."

The first instruction was properly given. Notice of special defense, accompanying the general issue, stands in place of a special plea, and fills the same office. If the matter set up by the notice is not a good defense in law, it amounts to nothing; no proof can properly be given under it, and if given, cannot avail the defendant, nor under the general issue and a bad notice, can the defendant give in evidence, in defense of the action, any matter that, by the rules of the common law, should be specially pleaded. The matter set up by the notice was no defense to the action.

Both grounds of defense assumed by the notice are, a right to distrain as administrators of Peter L. Updike, and for rent accrued to them (Sherman and Updike,) as such administrators, after the death of their intestate. The law is well settled that an executor or administrator cannot distrain, or sue for rent which has accrued or become due after the death of the owner of the land. The rent, in such cases, goes to the heir. *Wright* v. *Williams*, 5 Cowen, 501; Taylor on Land. and Tenant, 237; *Green* v. *Massie*, 13 Ill. 363.

The notice, like an avowry in replevin, should show strict right to make the distress, but it shows affirmatively that no such right existed.

Our statute does not change the common law. It gives the executor no right to control the real estate, or the rents of such estate accruing after the death of the owner of the land.

The second instruction was properly given.

If the distress warrant was executed in the night time it was a trespass. Archbold's Landlord and Tenant, 119; *Aldenburgh* v. *The People*, 6 Carr. and Payne, 212.

The warrant did not emanate from a court, or from one having judicial authority. It was the act of Sherman and Updike, was executed by Regan as their agent, and they are responsible for his acts under the warrant, done in the execution of it. *Johnson* v. *Barker*, 5 Gil. 425; *Fuller* v. *Voght*, 13 Ill. 285.

The third instruction is wholly objectionable in form, and well calculated to mislead a jury.

If the jury were told by this instruction, that the manner in which the warrant *was* executed and the plaintiff's property used, *was* evidence of malice on the part of the defendants, it is erroneous, and the instruction may have been so taken by the jury. It is a legal maxim, " that the court is for the *law,* and the jury for the *fact.*"

From this instruction the jury might have treated the question of malice as settled by the court as matter of law, by which they were bound, without regard to the facts found by them. If the manner of executing the warrant was, in fact, unusual, oppressive or excessive, or if the property was, in fact, abused or wrongfully injured, these facts, being found by the jury, were proper for their consideration in determining upon the question of malice, but it was for them alone to determine what the facts were.

Instructions should be so drawn as to state the law upon a supposed state of facts to be found by the jury, and not assume the facts as determined. If the fact is so, the law is so; leaving to the jury to find the fact. *Eams* v. *Blackhart,* 12 Ill. 195.

The court permitted the plaintiff to prove the manner of executing the warrant, the character of the printing establishment, the amount of advertising, profits and value of the concern, the character of the library, books, and files of papers seized, and damages to the plaintiff under the circumstances, by the suspension of his paper, the loss of advertising patronage and subscribers.

We think the evidence was properly admitted. The general rule is, that in trespass the plaintiff may recover, not only for the pecuniary loss sustained, as the natural and legal consequence of the trespass, but he may recover vindictive or exemplary damages, in consideration of the circumstances attending the wrongful act, the malice, willfulness, wantonness or corrupt motive attending the act. He may also recover in respect to any special or peculiar damages resulting from the wrongful act, and of which the wrongful act is the moving or efficient cause, if such damages are stated in the declaration. 1 Chitty's Pl. 398, 399 ; 2 Starkie's Ev. 813, 814 ; *Anthony* v. *Gilbert,* 4 Blackf. 348 ; *Spegelmoyer* v. *Walter,* 3 Watts and Ser. 540 ; *Merrills* v. *Tariff Manufacturing Company,* 5 Conn. 384 ; *Denison* v. *Hyde,* 1 Conn. 508 ; *Edwards et al.* v. *Beach,* 3 Day, 447 ; *Johnson* v. *Courts,* 3 Harris and McHenry, 510 ; *Dickinson* v. *Boyle,* 17 Pick. 78.

It was proper that the jury should be informed of the character of the property taken, the use to which it was appropriated and adapted, the consequences that would follow from its removal, the manner of its removal, and the circumstances

generally attending the act, for the purpose of determining upon its value, and also upon the motives governing the defendants.

If that motive was to gratify revenge, to break up a newspaper obnoxious to them, or to oppress the plaintiff under the color of law, exemplary damages would be proper, such as would serve as an example to others.

The evidence of the business of the establishment, of the suspension of the paper, and the loss of patronage, was proper under the special damages stated in the declaration. If books of peculiar value, and files of papers indispensable to the business of the plaintiff, but of little or no real value in market, were unnecessarily and wantonly or maliciously taken, it was matter, in aggravation of damages, proper for the consideration of the jury.

The defendants offered to prove that the plaintiff had treated Sherman and Updike as his landlords; had paid them rent; had sent messages to Sherman concerning the payment of rent; that rent was due from him to Sherman and Updike, as the parties understood the matter, and that they had treated each other as landlords and tenant in relation to the premises occupied by plaintiff. The plaintiff objected to this evidence, on the ground that there was a written lease, and because the evidence was not admissible under the pleading.

The court refused to admit the evidence. So far as this evidence sought to prove the *contents* of a written instrument, it might properly have been rejected, but the evidence was clearly designed for, and adapted to, other purposes.

It tended to show that Sherman and Updike, in making the distress, acted in good faith, and for that purpose was admissible, under the general issue, in mitigation of damages. If the parties treated each other as landlords and tenant, if rent was paid by plaintiff to Sherman and Updike, and admitted by plaintiff to have been due, these facts would tend to rebut malice in resorting to the distress.

The defendants, upon the same principle that the plaintiff was allowed to prove facts in aggravation, would have the right to prove facts tending to mitigate the damages, and to rebut malice, not amounting to a justification. *Machin* v. *Geortner*, 14 Wend. 239; *Anthony* v. *Gilbert*, 4 Blackf. 348; *Higgins* v. *Whitney*, 24 Wend. 379; *Vosburgh* v. *Welch*, 11 John. 175; *Reed* v. *Bias*, 8 Watts and Serg. 189.

The defendants offered also in evidence, the record of a judgment of Sherman and Updike, against the plaintiff, rendered before a justice of the peace, in the matter of the distress pro-

ceeding, to prove that rent was due. The court excluded the record of the judgment.

The record is not set out in the bill of exceptions, and this court cannot determine whether it could be evidence for any purpose. It may not have shown notice, or appearance by the plaintiff in this suit, and if it did not, it would be void.

If a valid judgment was rendered in the distress proceeding, in favor of Sherman and Updike against Dutch, for rent, the record thereof would be proper evidence on the part of defendants in this action, in mitigation of damages.

Judgment reversed and cause remanded.

*Judgment reversed.*