## WILLIAM M. ASHLOCK

*v.*

## ISHAM LINDER.

1. EVIDENCE—*admissions.* Statements made by one of the parties to a suit, not in a negotiation between them for a compromise, but to a third person, and not in confidence, although made with a view to effect a compromise, are admissible in evidence against the party making them.

2. INSTRUCTIONS—*should be based upon the evidence.* It is not error to refuse an instruction which is not supported by the evidence.

3. SAME—*as to inferences to be drawn by the jury.* It is not the province of the court to tell the jury what inferences they were or were not to draw, from the fact that a party to the suit was not sworn therein.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a suit commenced before a justice of the peace, by Linder, to recover the value of some rails which he alleges were taken by Ashlock; the cause was removed into the circuit court by appeal.

On the trial, Linder testified that he was the owner of the land on which the rails were cut.

Armstrong testified that, after the commencement of the suit he carried an offer of compromise from Ashlock, to the effect that if Linder would join Ashlock in getting a surveyor and have the lines run out, should the result of such survey show that Ashlock had trespassed upon Linder, he would pay for it, provided that Linder would pay for such trespasses as he may have committed.

McGowen, another witness, testified that he was at the trial before the justice, and heard Ashlock say, if Linder would run out the lines by a survey, and prove thereby that he had trespassed upon him, he would pay him for the rails. To this testimony the defendant interposed objection, on the ground that they were statements made by Ashlock, when trying to

effect a compromise, and were not admissible in evidence against him as to the taking.

The following instructions were asked by the defendant and refused by the court:

1st. "The court instructs the jury for the defendant, that if the jury believe that Mr. Ashlock made a proposition to Mr. Linder to have a survey of the land in controversy and if he had trespassed upon Linder he would pay for it, and Linder rejected such proposition for a compromise, and never admitted that he had trespassed, such proposition having been made to effect a compromise, ought not to be considered by the jury as an admission that he did take the rails of plaintiff."

2d. "That the jury have no right to infer from the fact that the defendant was not sworn, that he did commit the trespass complained of, as the plaintiff had the same right to call the defendant that he had to offer himself as a witness."

The trial resulted in a verdict and judgment for the plaintiff. The admission of improper testimony, and the refusal of the instructions asked by the defendant are the grounds of error assigned, for which this court is asked to reverse the judgment.

Mr. JAMES W. ENGLISH, for the plaintiff in error.

Messrs. WOODSON & WITHERS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought before a justice of the peace to recover the value of certain rails which the plaintiff, Linder, alleged the defendant, Ashlock, had taken away. The plaintiff recovered judgment before the magistrate, and again in the circuit court, the last judgment being for thirteen dollars and fifty cents. To this judgment the defendant prosecuted a writ of error and asks for a reversal, on two grounds, first,

that the verdict was against the evidence, and secondly, that his instructions were improperly refused.

In regard to the first point we need only say that the jury were justified in considering the statements made by Ashlock as an admission that he had taken the rails.

As to the second, the instructions were properly refused. The first was not applicable to the evidence, as the statements made by Ashlock were not made in a negotiation for a compromise, but to a third person, who repeated them to Linder, with a view, it is true, of bringing about a compromise, but not claiming that what he said was to be considered as confidential and spoken without prejudice.    1 Greenl. Ev. sec. 192. There was no treaty or negotiation, and the statement made by Ashlock, and carried by witness Armstrong to Linder, was again substantially repeated by Ashlock at the trial before the justice, without reference to a compromise.

The second instruction was properly refused, as it was not the province of the court to tell the jury what inferences they were or were not to draw, from the fact that a party was not sworn.

*Judgment affirmed.*