# M. C. GETZLEMAN
## v.
## FREDERICK SHUMAN.

*Landlord and Tenant—Distress—Evidence—Admission—Compromise—Instructions.*

In an action of distress for rent, it is *held:* That evidence concerning an alleged statement of accounts tending to show an admission of indebtedness by the defendant was properly admitted; that such admission was not made by way of compromise; that, if said evidence was erroneously admitted, it worked no injury; that an instruction having no basis in the evidence was properly refused; and that another instruction was properly modified by the court.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. R. N. BOTSFORD and A. H. BARRY, for appellant.

The rule is familiar, that on cross-examination the opposite party will not be permitted to go into new matter nor introduce testimony which is a substantive part of the defense. Drohn v. Brewer, 77 Ill. 280; Peru Coal Co. v. Merrick, 79 Ill. 112; Lloyd v. Thompson, 5 Ill. App. 90.

In the case of Bell v. Prewitt, 62 Ill. 361, the case was reversed because this rule of cross-examination was violated.

It is well settled by the decisions of the courts of this State that the admissions of a party are never conclusive against him when made for the purpose of effecting a compromise of matters in dispute, and any offer made for the purpose of matters in dispute, and any offer made for the purpose of

avoiding litigation is not competent evidence and such evidence should be excluded on the ground of public policy. City of Peru v. French, 55 Ill. 317; Rockafellow v. Newcomb, 57 Ill. 186; Paulin v. Hawser, 63 Ill. 312; Barker v. Bushnell, 75 Ill. 220.

Messrs. John Gilkerson and Charles H. Wayne, for appellee.

The voluntary admissions of a party to a suit are competent as evidence against him even if made during an effort to compromise. Robbins v. Butler, 24 Ill. 387; Pearson v. Chapman, 21 Ill. 650; Ashlock v. Linder, 50 Ill. 169; Hyde v. Stone, 7 Wend. 354; Marvin v. Richmond, 3 Den. 58

Welch, J. This was a suit brought by the appellant against the appellee for rent in an action of distress before the rent was due, alleging the crops were being removed to the detriment of the appellant. Plea in abatement, non-assumpsit and set-off filed by appellee and an agreement that all matters of defense may be given in evidence under the general issue and the special plea. Appellant joined issue to the plea of general issue and filed replication to plea of set-off and by leave of court a replication of set-off to such plea. Tried by jury— verdict for the appellee for the sum of $248.69, on which verdict the court rendered judgment.

The appellant appeals to this court and assigns error on the admission of testimony on the trial and the giving and refusing of instructions. Did the court err in the admission of evidence? Appellant complains that on cross-examination of the appellant the appellee was allowed to go into an alleged statement of accounts between the parties for the purpose of showing that the appellant had made an admission of an indebtedness to the appellee. His statements were made in answer to this question: "Did you have a conversation with John Gilkerson at his office in Hempshire, about October, 1884, in which you admitted that after a fair adjustment of all matters between you and Shuman, there was still a balance of somewhere about $60 due Shuman?" This question was proper and could have been answered by yes or no. Whatever

statement he made in relation to the matter was in response to that question. He chose to avoid giving a direct answer, but chose to relate what did happen, and what conversation he did have.

It is also claimed by the counsel for appellant that the court erred in admitting the testimony of Gilkerson as to the conversation he had with the appellant at the time specified in the question, *supra*, and in not excluding the answer of the appellant to said conversation, for the reason, as claimed, that the admission was made for the purpose of effecting a compromise of matters in dispute, and was not therefore competent. We do not consider the point well taken. The admissions were not made by way of compromise. It was not so stated. Appellant had been requested to pay an account to the appellee, after having in his possession a copy of the account for several days, and after striking a balance between the account which he claimed to have against appellee and so much of appellee's account as he admitted, he made the admission of the balance due appellee. Robbins v. Butler, 24 Ill. 387; Ashlock v. Linder, 50 Ill. 169; Ray v. Bell, 24 Ill. 444. Even should it be conceded, which we do not, that the evidence was improperly admitted, it worked no injury. The judgment was for more than the amount admitted due.

There was no error in refusing the instruction asked by the appellant based on the idea of admissions and declarations made for the purpose of avoiding litigation, and with the desire to reach an amicable adjustment, etc. There was no evidence on which to predicate such an instruction.

It is next insisted by counsel for appellant that the court erred in modifying the fourth instruction asked by appellant for the reason, as claimed, that by the stipulation, appellant was not required to prove the existence of the grounds on which he based his distress warrant. We do not so understand the stipulation. There was a plea filed and verified denying the grounds on which the distress warrant issued. Appellant's counsel must have understood that he was required to prove the grounds of his first, second and third instructions, and submit that question to the jury as one of fact upon

which they were called on to pass in making up their verdict. The modification to the fourth made it speak the same language to the jury on that question, which the first, second and third had spoken. There was no error in this.

We are not asked to review the facts; finding no error of law, judgment affirmed.

*Affirmed.*