The Illinois Central Railroad Company

*v.*

Hedwig Johnson, Admx.

*Opinion filed April 17, 1906.*

1. Instructions—*instruction should not assume facts in controversy.* Where the evidentiary facts justify different conclusions the question of negligence is one of fact, and the instructions should be so drawn as to state the law upon a supposed or hypothetical state of facts, leaving the jury to find the ultimate fact.

2. Same—*when instruction assumes that act was negligent.* An instruction, in an action against a railroad company, which authorizes a recovery on certain conditions if the jury believe "that the defendant carelessly or negligently operated its said train or car by running the same past the station platform, so as to cause the deceased to alight upon the ground or tracks of the defendant," and subsequently refers to "such negligent acts," is erroneous in assuming that the running of the train past the platform, which was not disputed, was negligence and that it caused the deceased to alight where he did.

3. Same—*instruction as to measure of damages must refer to the evidence.* An instruction authorizing the jury, if they find for the plaintiff, to assess her damages "at such reasonable sum as she may be entitled to recover under all the facts and circumstances.

proved in the case, not exceeding $5000," is erroneous in not requir-
ing the assessment to be based upon the evidence as to damages for
which the law allows a recovery.

4. COMMON CARRIERS—*carrier's exercise of care is to be consist-
ent with operation of road.* An instruction stating that common
carriers of persons are required to do all that human care, vigilance
and foresight can reasonably do, in view of the character and mode
of conveyance adopted, to prevent accidents to passengers, is er-
roneous in omitting the qualification that the degree of care is to be
consistent with the practical operation of the road.

5. NEGLIGENCE—*degree of care to be exercised by child.* Chil-
dren of sufficient age to be capable of exercising some degree of
care for their own safety must exercise the ordinary and reasonable
care which ought to be expected of children of like age, capacity,
intelligence and experience.

6. SAME—*recovery cannot be based upon acts of negligence not
alleged.* A verdict for the plaintiff in an action for negligence can
not be sustained upon the ground that the defendant was guilty of
certain acts of negligence which were not alleged in the declaration
nor submitted to the jury by the instructions.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. J. W. MACK, Judge, presiding.

CALHOUN, LYFORD & SHEEAN, (J. G. DRENNAN, of
counsel,) for appellant.

NOVAK & NOVAK, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

This is an action on the case brought by appellee, as ad-
ministratrix of the estate of her son, Carl Robert George
Johnson, in the circuit court of Cook county, to recover dam-
ages from appellant for causing his death.

The declaration alleged that the deceased, who was a
minor, became a passenger on November 3, 1900, on one
of defendant's trains, in the front car next to the engine, at
West Pullman station, to be carried to Pullman station; that

the train arrived at Pullman station about 7:45 in the evening; that at Pullman station there was an elevated platform between the tracks for north-bound and south-bound trains for the use of passengers; that when the train stopped at Pullman the deceased left the car at the forward end, as was customary and as directed by defendant; that the train and car had passed by and beyond said elevated platform, and on leaving the car deceased found himself on the ground a few feet north of the elevated platform between said tracks, with the engine and cars on the east side and a vacant space on the west and a high picket fence across the platform on the south; that the depot and exit were on the west side, and as the deceased went from the place where he alighted, in a westerly and southerly direction, toward the gates, using due care, one of the locomotive engines of the defendant going in a southerly direction on the south-bound track struck and killed him. The plea was the general issue, and upon a trial the jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at $5000. Judgment was entered on the verdict, and the judgment was affirmed by the Appellate Court for the First District.

The deceased was fourteen years old, in good health, of fair intelligence, and was in a public school which he had been attending since he was six years old. His father and a sister and plaintiff, his mother, survived him. In the evening in question he went with a company from West Pullman to Pullman to attend a political celebration, and with a number of the party took a seat in the first car. The seats in that car extended to within twelve or fifteen feet of the north end, which was vacant and used for baggage, and there were doors for baggage on the sides of the car. At Pullman station there was an elevated platform about four and one-half feet above the ground and over three hundred feet long, and the platforms of the cars were provided with aprons, which, when let down, were level with the station platform and permitted passengers to walk directly upon the station

platform without going down the steps. The track for north-bound trains was on the east side of the platform and one for south-bound trains on the west, and there was a picket fence at the north end of the platform. It was designed that the train should stop at the platform and passengers leaving the train would walk to the south end of the platform and cross the track for south-bound trains, to a turn-stile, where the station building was located. When the train arrived at Pullman at about 7:45 it was dark, and the first car passed the north end of the platform three or four feet. It does not appear that the deceased was acquainted with the place, and he, with a number of others, walked to the north door, in accordance with the direction posted in the car, to go out. Some one said that the train had passed the platform, and the others turned back. One of them pulled open the baggage door at the side of the car and a number went out there on the platform and others went to the rear, but the deceased, who seems to have been ahead of the others, went down the steps and started down the south-bound track when a train from the north was approaching. The head-lights on both engines were burning, the bell on the south-bound train was ringing, the head-lights on both trains could be seen for a mile, and there was an open space for a considerable width west of the south-bound track which was open and free from obstruction and which was about eighteen inches below the level of the track. When near the north end of the platform, as the engineer of the south-bound train was slowing up for the stop at the platform and was running about twelve to fifteen miles an hour, he saw the deceased going south on the track ahead of the train and blew his whistle and endeavored to stop his train, but was not successful.

The instruction given at the request of the plaintiff which purported to state the relative duties of the parties, the theory of the plaintiff and ground for recovery alleged in the declaration, and the amount of damages which might be awarded, was as follows:

"The jury are instructed, as a matter of law, that if you find, from the evidence, that the defendant corporation was engaged in the business of transporting passengers and freight, for hire, upon a railroad operated by said company, then the law denominated the defendant a common carrier. The court instructs the jury that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, in view of the character and mode of conveyance adopted, to prevent accidents to passengers. So, too, persons who become passengers must at all times exercise ordinary care and caution for their own safety. And if the jury believe, from the evidence in this case, that the defendant was at the time of the accident a common carrier, and if you further believe, from the evidence, that the deceased was a passenger on the defendant's train and in the exercise of due care on his part, if the jury so believe from preponderance of the evidence, and that the defendant carelessly or negligently operated its said train or car by running the same past the station platform, so as to cause the deceased to alight upon the ground and tracks of the defendant instead of upon the platform where the passengers are usually unloaded, and that by reason of such negligent acts, if any are proven by the preponderance of the evidence in the case, of the defendant, their agents and employees, the deceased, Carl Robert George Johnson, while exercising due care for his safety, if you so find from the preponderance of the evidence, was struck by an engine controlled and operated by the defendant and was then and there killed, then you may find the defendant guilty, and assess the plaintiff damages at such reasonable sum as she may be entitled to recover under all the facts and circumstances proved in the case, not exceeding $5000."

The instruction was erroneous in three respects. It was proved, and not disputed, that the train ran three or four feet past the north end of the platform, and that deceased alighted upon the ground instead of on the platform where passengers

were usually unloaded. The questions in dispute were whether the act of defendant in running past the platform constituted negligence on its part, and whether such act caused the deceased to alight upon the ground at an improper place, or whether he was negligent in going down the steps where he did. They were questions of fact for the jury to determine from the evidence, and it was the exclusive province of the jury to determine whether the act of the defendant was negligent and whether the deceased was guilty of negligence. No other act of the defendant was alleged and no other fact stated in the declaration which could have been construed to be a negligent one, and the court could not say that either of the parties was negligent as a matter of law. The Appellate Court, in considering whether the evidence warranted the jury in finding the defendant guilty of negligence which caused the injury, expressed no opinion as to whether the running of the train past the station platform constituted negligence or not, but held that the defendant was negligent in the management of the south-bound train, saying that it was the duty of the engineer to have been on the lookout for the north-bound train; that he must have known his train was late; that he ran the train at the rate of from twelve to fifteen miles an hour, and that the evidence tended to show he did not exercise the required degree of care in the operation of his train so as to be able to stop for the safety of passengers getting on or off the north-bound train. There was no averment in the declaration as to the speed of the south-bound train or failure to keep a lookout, or mismanagement of it in any respect. The crossing place for passengers was south of the platform, more than three hundred feet distant, and where the train would have come to a full stop; and if the question as to the management of the south-bound train had been submitted to the jury, they would doubtless have considered the question whether the engineer had, or ought to have had, any reason to expect that a person would be on the track at the north end of the platform.

It appears, however, that such questions were not submitted, and that the verdict was based on the negligent character of the act in running past the platform. On that question the instruction assumed both that the act was a careless and negligent one, and that it caused the deceased to alight upon the ground on the tracks of the defendant instead of upon the platform, and it afterward refers to the acts as "such negligent acts." The plaintiff was entitled to recover if the jury should decide that the act of the defendant was negligent, that it caused the injury, and that the deceased was in the exercise of ordinary care; but it was the exclusive province of the jury to determine those facts, and they should have been submitted to the jury for determination without any intimation or assumption as to the proper conclusion. In the case of *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 Ill. 576, the court said: "Where there is evidence before a jury upon which it is legally admissible there may be difference of opinion, it is error to allow any opinion of judge or court to be obtruded upon the jurors to influence their determination." Where the evidentiary facts will justify different conclusions the question of negligence is one of fact, and instructions should always be drawn so as to state the law upon a supposed or hypothetical state of facts, leaving the jury to find the fact. Instructions assuming the existence of any material fact have always been condemned. (*Sherman* v. *Dutch,* 16 Ill. 283; *Michigan Southern and Northern Indiana Railroad Co.* v. *Shelton,* 66 id. 424; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586; *Swigart* v. *Hawley,* 140 id. 186; *Illinois Central Railroad Co.* v. *Griffin,* 184 id. 9; *Allmendinger* v. *McHie,* 189 id. 308; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Banfill,* 206 id. 553.) Under this instruction, when the jury found that the train was run past the platform, they would understand that the court regarded such act to be a careless and negligent operation of the train, and that it caused the deceased to get off the train at the place where he

did. It did not call upon the jury, as it should have done, to decide whether the act constituted negligence on the part of the defendant.

Under the instruction authorizing the jury to assess the plaintiff's damages at such reasonable sum as she might be entitled to recover under all the facts and circumstances proved in the case, not exceeding $5000, the jury went to the limit and returned a verdict for that sum. In the case of *Muren Coal and Ice Co.* v. *Howell,* 204 Ill. 515, the trial court instructed the jury that if they found the defendant guilty it would be their duty to assess the plaintiff's damages, and gave the following direction: "And in doing so you may take into consideration the pecuniary injuries resulting to the widow and next of kin, if, from the evidence, you believe there is a widow and next of kin, and that they have suffered pecuniary injury or loss on account of the death of said August Schmidt, and give to the plaintiff such a sum as in your judgment will fairly compensate the widow and next of kin for such pecuniary injury or loss, not to exceed, however, the amount sued for in this case." It was held that the instruction was erroneous, and for that error the judgment was reversed. The court reviewed the previous decisions where it was considered that such an instruction did not limit the jury to the actual pecuniary damages sustained as established by the evidence, but left them free to give such sum as in their opinions of right or wrong would fairly compensate the widow and next of kin for the pecuniary injury or loss. The instruction in this case is much more objectionable than the one in that case, as it does not even limit the jury to estimating the compensation for pecuniary injury or loss, but authorizes the jury to assess the plaintiff's damages at such reasonable sum as in their judgment she may be entitled to recover. It refers to the facts and circumstances proved in the case, which were the facts and circumstances already detailed. It did not require that the assessment should be based on the evidence as to damages for

221—4

which the law allows a recovery, but authorized the jury to give such damages as in their opinion plaintiff ought to have under all the facts and circumstances. In the case of *North Chicago Rolling Mill Co.* v. *Morrissey,* 111 Ill. 646, the judgment was reversed for error in giving an instruction that the jury "may give such damages as they shall deem a fair and just compensation for the pecuniary loss resulting from such death to the widow and next of kin of the deceased, not exceeding $5000;" and in the cases of *Keightlinger* v. *Egan,* 65 Ill. 235, *Chicago, Rock Island and Pacific Railroad Co.* v. *Austin,* 69 id. 426, *Waldron* v. *Marcier,* 82 id. 550, *City of Freeport* v. *Isbell,* 83 id. 440, and *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Jenkins,* 174 id. 398, similar instructions were held to be erroneous. In view of the amount of the verdict, the error in giving this instruction must be held to have been material and prejudicial.

The third objection to the instruction is, that it stated the duty of a common carrier of passengers too broadly, in omitting the qualification that the degree of care is to be consistent with the practical operation of the road. (*Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131.) But that objection is of minor importance, and if it were the only one, might not require a reversal.

An instruction was given which stated that the law does not require that a boy of the age of the deceased should necessarily exercise the same degree of care and caution as a person of mature years, but only such care and caution as persons of his age and discretion would ordinarily use under all the facts and circumstances proved in the case. In the case of adults there is a fixed standard by which to measure the degree of care required, but in the case of a child there is no exact standard. Children who have arrived at sufficient age to be capable of exercising some degree of care for their own safety must exercise the ordinary and reasonable care which ought to be expected of children of like age, capacity,

intelligence and experience. (1 Thompson on Negligence, sec. 309; *Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526.) In this case there was no evidence to take the deceased out of the ordinary class of boys of his age in respect to capacity, intelligence or experience, and the omission of some of the elements to be considered may not have been of much importance.

Because of the material and prejudicial errors which have been pointed out, the judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*