## Lake Erie & Western Railroad Company v. Ruth Klinkrath.

1. ATTRACTIVE NUISANCES—*doctrine of, defined.* If a person permits a machine, instrument or other device of such nature as to appeal to the instinct and curiosity of children to remain at a place near or adjoining public streets, alleys or open places, where children are apt to be, and also permits such device to remain unlocked, unprotected or insecure so that children of tender years may easily move and play with or upon the same, such person will be held to have impliedly invited children to do so, and in so doing such children are not to be regarded as trespassers, notwithstanding they may be technically so, and if they be injured while playing with or upon such device while in the exercise of such care and caution as children of like age, capacity and experience would ordinarily exercise under similar circumstances, the person so maintaining such device will be liable for such injury.

2. CONTRIBUTORY NEGLIGENCE—*when child riding upon turn-table cannot be held guilty of.* Where a child in riding upon the turn-table in question was exercising the ordinary and reasonable care for her own safety which ought to be expected of children of like age, capacity, intelligence and experience under similar circumstances, she cannot be held to have been guilty of contributory negligence.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

JOHN E. POLLOCK, for appellant; JOHN B. COCKRUM, of counsel.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Ruth Klinkrath, a minor, by her next friend, instituted this action against the Lake Erie & Western Railroad Company to recover damages for personal injuries alleged to have been by her sustained by reason of the negligence of said company. Upon a trial by jury in the Circuit Court she recovered a judgment for the sum of $2,000. To reverse the same the defendant appeals.

The declaration, to which the plea of general issue was interposed, avers, in substance, that on December 10, 1905, the defendant owned and controlled a certain turn-table, which was of such a character as to be attractive to children, and which was dangerous for them to play with, upon or about; that said turn-table was located upon the premises of the defendant in a thickly settled and populated district of the city of Bloomington, Illinois, in an open place and near public streets and alleys; that it was the duty of defendant to safely guard and protect said turn-table so that children would not be attracted to it or be able to play at or upon the same while it was in motion; that the defendant negligently permitted said turn-table to remain unguarded, open and unprotected; that the plaintiff, a child of the age of twelve years, was, on the day in question, attracted to, and together with other children, played upon the same; that while she was so engaged, said turn-table was moved by the other children, whereby the leg of the plaintiff was caught between the platform of said turn-table and the wall surrounding the same, by means whereof she was injured. At the close of the plaintiff's evidence, and again at the close of all evidence, the defendant moved the court to direct a verdict of not guilty, which the court refused to do.

The evidence tends to show that the turn-table in question was located upon a large tract of ground owned by the appellant, in one of the most thickly populated portions of the city of Bloomington; that while there were several buildings thereon, the lot had been, for sometime prior to the accident, used by the general public in passing from what was known as Clay street to the alley adjoining said lot, there being no intervening fence; that the turn-table was visible from the alley and that children were in the habit of playing in the vicinity, of which fact the servants of appellant had knowledge. That at the time of the accident, a new turn-table was in the course of erection, replacing a former one; that the iron framework only of the new table had been completed, but that the same could be revolved. The evidence tends to show further, that on Sunday, the day of the accident, during the absence of the person who had charge of the premises for appellant, appellee, a girl who was then about twelve years of age, together with other children began playing with the turn-table; that while appellee was sitting upon the framework and the other children were revolving the same, she became dizzy and allowed one of her legs to hang down the side, and that when the side of the table upon which she was sitting, reached an uncompleted concrete wall which partially surrounded the table, her leg and foot were caught and thereby crushed. There is also evidence tending to show that several employes of appellant were in the vicinity of the turn-table prior to the accident, and that one of them cautioned the children to be careful lest they be injured, and that another ordered them away from the table.

It is the well-settled rule in this state that if one permits a machine, instrument, or other device of such nature as to appeal to the instinct and curiosity of children, to remain at a place near or adjoining public streets, alleys or open places where children are apt

to be, and also permits such device to remain unlocked, unprotected or insecure, so that children of tender years may easily move and play with or upon the same, such person will be held to have impliedly invited children to do so; that in so doing such children are not to be regarded as trespassers, notwithstanding they may be technically so; and that if they be injured while playing with or upon such device, while in the exercise of such care and caution as children of like age, capacity and experience would ordinarily exercise under similar circumstances, the person so maintaining such device will be liable for such injury. St. L. etc. R. R. Co. v. Bell, 81 Ill. 76; City of Pekin v. McMahon, 154 Ill. 141; True v. Woda, 201 Ill. 315; Donk Bros. Coal Co. v. Leavitt, 109 Ill. App. 385.

Counsel for appellant do not, in argument, deny that this is the law, but do contend that the evidence shows that appellee was not a child of tender years; that she was a bright, intelligent girl of sufficient age and capacity to have known that she was playing in a dangerous place, and was guilty of contributory negligence. It is urged that therefore the court erred in refusing to direct a verdict for the defendant.

If, in the light of the evidence, which is practically uncontroverted, appellee can be regarded as of such tender years and as possessed of such childish instinct and curiosity as to have been unduly attracted by the turn-table ,and unable to resist the temptation to play upon the same, it is obvious that under the circumstances detailed, appellant must be held to have impliedly invited her to do so. In that case she cannot be said to have been in law, a trespasser. The jury evidently found in her favor upon this proposition, and we think properly so. It is a matter of common knowledge that turn-tables and other devices of like character, are unusually attractive and peculiarly alluring to children, even those of the age of appellee. What an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender

years. The questions whether the turn-table was suffi-
ciently attractive and in so public a locality as to
entice children of the age of appellee into danger, and
to suggest to appellant the probability of such an ac-
cident as did occur, were for the determination of the
jury from all the facts and circumstances in evidence,
to which they had the right to apply their knowledge
as to the habits, characteristics and natural inclina-
tions and desires peculiar to young children, derived
from their general experience and knowledge. It is
also the law that if appellee, in riding upon the turn-
table, was exercising the ordinary and reasonable care
for her own safety which ought to be expected of
children of like age, capacity, intelligence and expe-
rience, under similar circumstances, she cannot be held
to have been guilty of contributory negligence. I. C.
R. R. Co. v. Johnson, 221 Ill. 42; Wabash R. R. Co. v.
Jones, 121 App. 390. It cannot be truthfully said that
all reasonable minds would readily concur in the prop-
osition that she was so guilty, and the question there-
fore became, not one of law for the court, but of fact,
which it was the exclusive province of the jury to de-
termine. The court did not err in refusing to direct
a verdict for the defendant.

The evidence shows that the wall of the pit in which
the turn-table revolved, was for almost its entire
length composed of loose soil, leaving ample space
for the legs of one riding on the edge of the frame,
to hang over without danger. For a short distance,
however, a concrete wall had been completed, leav-
ing little, if any, space between such wall and the
edge of the table. This was the dangerous feature
of the surrounding and that which caused injury.
We think it may fairly and reasonably be assumed
that a child of the age, experience and intelligence
of appellee would have failed to appreciate the danger
of the situation. We cannot say that the verdict in
this respect was manifestly unwarranted by the facts
in evidence.

Lake Erie & Western R. R. Co. v. Klinkrath.

It is urged that the court erred in its rulings upon the instructions. The only instruction criticised in argument, is plaintiff's first, which tells the jury that if plaintiff exercised such care and caution as children of her age, capacity and intelligence "are capable of exercising under the same circumstances," she could not be charged with want of reasonable care for her safety. While the instruction is subject to criticism in that the words "are capable of exercising" are used instead of "would have exercised," or their equivalent, we do not think the error could have so far misled the jury as to be prejudicial to appellant.

It is also insisted that defendant's fourth and sixth refused instructions should have been given. The fourth tells the jury that if the turn-table was not completed at the time of the accident, but was in course of construction, there was no liability upon the part of the defendant; while the sixth is, in effect, a declaration that, under the facts in evidence, plaintiff was, as a matter of law, a trespasser, and that the defendant would be liable only in the event that it wilfully or wantonly injured her. Under the views already expressed, both instructions were manifestly erroneous, and hence were properly refused. Other rulings upon the instructions are complained of, but as the alleged errors therein are not pointed out in argument, they will be regarded as waived.

It is finally insisted that the damages awarded are excessive.

Appellee's injured limb was exhibited to and examined by expert surgeons, in the presence of the trial judge and jury. Dr. Meyer testified that it was so crushed as to impair the skin and tissues upon the outside thereof from the knee down, causing a permanent sensitive scar; that the ankle was so weakened as to necessitate limping, and that in his opinion the injury would probably be permanent. Dr. Guthrie, one of the regular surgeons of appellant, testified that in his judgment the injuries were temporary only. The

trial judge and jury had far better opportunities than we have, to determine the credibility of the respective witnesses upon the question, and the weight which should be given to their testimony. If the injury be permanent, the damages are not excessive. The judgment of the Circuit Court is affirmed.

*Affirmed.*